## CALDWELL v. HENRY, *Appellant.*

1. **Evidence** of statements made to one T. C. C.; *Held,* to be inadmissible against plaintiff, there being no evidence to show that T. C. C. was plaintiff's agent.

2. **Objection to an Instruction** on the ground that there was no evidence that one D. I. C. was plaintiff's agent; *Held* not to be sustained by the record.

3. **False Representations** : SCIENTER. In legal effect a false representation made by a party as of his own knowledge, and not as a mere matter of opinion or general assertion, about a matter of which he has no knowledge whatever, is the same as the statement of a known falsehood, and will constitute a *scienter.*

4. ———— : NEGLIGENCE OF VENDEE. The fact that the vendee omits to examine the property or to make inquiries of persons to whom he is referred by the vendor before buying, will not relieve the latter of liability for false representations made by him concerning it in the course of the negotiation.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

AFFIRMED.

*Boggess, Cravens & Moore* for appellant.

*Comingo & Slover* for respondent.

NORTON, J.—This is a suit by plaintiff to recover damages occasioned, as alleged in the petition, by false and fraudulent representations made by defendant to plaintiff's agent, whereby he was deceived, and induced to purchase of defendant certain lands in the state of Kansas at the price of $2,000, which was paid for by plaintiff conveying to defendant her one-third interest in certain land in Jackson county, Missouri. The alleged false representations were that the land conveyed by defendant was "high rolling prairie, all rich and dry and susceptible of cultivation, except a few acres in one corner, at which point a branch ran through it and afforded water suitable for pasture, and that the land was within seven miles of Olathe, Kansas." The answer, after admitting the conveyance of the said land, denied all the other allegations of the petition, and upon the trial of the cause plaintiff obtained judgment for $1,600, from which defendant has appealed, and assigns for error the action of the court in refusing to admit proper evidence, and in giving improper and refusing proper instructions.

It appears from the record before us that Thomas C. Caldwell, James Caldwell and plaintiff owned certain land 1. EVIDENCE. in Jackson county, Missouri, the interest of each in said land being one-third; that Thomas C. Caldwell entered into negotiations with defendant for the sale of his interest and that of his brother James, in said land; that defendant declined to purchase unless he could get all the interests in said land; that D. I. Caldwell, as the agent

of plaintiff, consented to the transfer of plaintiff's interest to the defendant, relying, as he swears, on the representations made to him by defendant of the quality and location of the land in Kansas. It also appears that during the examination of defendant as a witness he was asked, "What statement did you make to Thomas Caldwell during the negotiations for the exchange of property by you with the Caldwells for their farm, in regard to the condition, quality and location of the land in Johnson county, Kansas, which you conveyed to Fannie Caldwell?" Upon the objection of plaintiff the witness was not allowed to answer, and it is insisted by counsel that this action was erroneous. We cannot perceive upon what principle the evidence offered was admissible, except upon the theory that Thomas Caldwell was the agent of the plaintiff, who was his sister. If his agency had been established, or if the evidence introduced had tended to establish it, the evidence offered would have been admissible. We have failed to find anything in the evidence either establishing or tending to establish the fact that said Thomas Caldwell was the agent of plaintiff. On the contrary, he swears positively that in the negotiations with defendant, he was only acting for himself and his brother, and was not authorized to act for plaintiff; and other positive evidence in the case shows that D. I. Caldwell was her agent. It, therefore, follows that what was said by defendant to Thomas Caldwell could in no manner bind plaintiff, and the court in refusing to receive it acted properly.

The following instructions were given for plaintiff, over defendant's objection:

1. You will find for plaintiff, if you believe from the evidence that her father, acting for her, and as her agent, traded with defendant, or purchased of him for plaintiff the land in the petition described; that at the time of making said trade or purchase, she and said agent were ignorant as to the value, condition and location of said land; that said agent informed defendant he had not seen

it and did not know its situation, condition or value, and could not then go to examine it; that defendant then told said agent that said land was all good; that it was high, rolling prairie, rich, dry and susceptible of cultivation, except a few acres; that it was situated about seven miles from Olathe, Kansas; that said representations were made by defendant for the purpose of deceiving and inducing said agent to trade for or purchase said land, and that said agent, relying solely on said representations, and believing they were true, was induced to trade for or purchase said land— provided you further believe from the evidence that said representations were untrue, and that defendant knew that such was their character; and although you may find from the evidence that defendant did not know said representations were untrue, yet if you believe from the evidence that pending the negotiations for the purchase of said land, and for the purpose of effecting the trade and inducing said agent to make it, defendant made said representations as of his own knowledge (and they were untrue), but did not know whether they were true or false, and knew, or had reason to believe, that said agent relied on said representations as true, and said agent did so rely on them, and was thereby deceived and induced to trade for or purchase said land, you will find for plaintiff.

2. You are further instructed that should you find for plaintiff, the measure of damages is such sum or amount as you may, from the evidence, believe was the difference between the actual value of said land at the time it was conveyed to plaintiff and what would have been its value at the time, had it been in point of quality, condition and location as represented by defendant, not exceeding the amount claimed in the petition; and if you find for plaintiff, you may allow her interest on the amount you may find for her, from the time of the commencement of this action.

The following instructions were given for defendant:

1. If you believe from the evidence that the plaintiff

and her brothers exchanged certain real estate, which they owned, with the defendant, for certain property owned by him, and that in such exchange the real estate described in the petition as lying in Johnson county, Kansas, was estimated at the value of $2,000, and that in such exchange said real estate was by the defendant conveyed to plaintiff at the recited consideration of $2,000, although you may find from the evidence that the real estate so conveyed by defendant to the plaintiff was in fact worth less than said estimated value, yet unless you find from the evidence that at the time of negotiating such exchange the defendant falsely and knowingly misrepresented to plaintiff the quality or locality of the land so conveyed to plaintiff, with the intention by such misrepresentation to deceive plaintiff, and to thereby induce plaintiff to take said land in such exchange at said valuation, and that plaintiff did in fact rely upon such misrepresentations, and was thereby deceived and induced to accept and take said land at that price and value, you will find for the defendant.

3. The evidence in this case shows that the plaintiff in person had nothing whatever to do with the defendant in the negotiations which resulted in the conveyance to her by defendant of the land in Johnson county, Kansas, and it is for you to determine from all the evidence in the case who acted for her in such negotiations, and whether the defendant made to such person any, and if any, what false and fraudulent misrepresentations to induce plaintiff to enter into the agreement which resulted in the conveyance of said land to her.

The following offered by the defendant was refused:

2. If you believe from the evidence that the defendant misrepresented to the plaintiff, or her agent, the quality, condition and locality of the land in Johnson county, Kansas, but that defendant at the same time referred plaintiff, or her agent, to parties in this county, from whom plaintiff, or her agent, might obtain information in regard to said matters, and that plaintiff neglected to make in-

quiry of such persons; and that the land conveyed by defendant was within one day's journey by buggy from Independence, where plaintiff and her agent resided at the time; then it was the duty of plaintiff, or her agent, to use such diligence and make such investigation and examination as persons of ordinary prudence would make under like circumstances, and not rely upon representations by defendant; and unless you believe the plaintiff made such investigation and examination, then you will find for defendant.

It is insisted that the first instruction given for plaintiff was erroneous, because there was no evidence tending to 2. OBJECTION TO AN show that plaintiff's father was her agent, INSTRUCTION and as such traded with defendant. This objection is not sustained by the record. D. I. Caldwell, the father, testified that plaintiff authorized him to do as he pleased about trading the land, "that afterward defendant came to his house and wanted to see Thomas; that he then told defendant that his trade could not go on unless his daughter's interests were protected, that he did not know anything about the land and could not go to see it; that defendant then said that there was a spring on the land; that it was all high, rolling prairie, and all susceptible of cultivation, except a few acres in one corner, suitable for pasture, with living water, and that the land was located seven miles from Olathe, Kansas; that he would not have made the trade but for these representations; that he told defendant his daughter's interest must be protected or there could be no trade, and that the land in Kansas was valued at $2,000 in the trade." This, we think, was sufficient evidence on which to base the instruction in respect to the matter complained of.

It is also insisted that the first instruction given for plaintiff is inconsistent with the first instruction given for 3. FALSE REPRESEN- defendant, in which the jury are told that TATIONS: scienter unless they found that defendant falsely and knowingly misrepresented to plaintiff the quality or local-

ity of the land, they would find for defendant. This inconsistency is said to consist in that part of the first instruction given for plaintiff where the jury was told that "although you may find from the evidence that defendant did not know said representations were untrue, yet if you believe from the evidence that pending the negotiations for the purchase of said land, and for the purpose of effecting the trade and inducing said agent to make it, defendant made said representations as of his own knowledge, (and they were untrue,) but did not know whether they were true or false, and knew, or had reason to believe that said agent relied on said representations as true, and said agent did so rely on them, and was thereby deceived, and induced to trade for or purchase said land," they would find for plaintiff. It is argued that the first of defendant's instructions required the jury to find for the defendant unless they found he made false representations and knew them to be false, and in that of plaintiff's instruction above quoted, the jury were authorized to find for plaintiff although they might find that defendant did not know as a fact that the representations made by him were untrue. The alleged inconsistency is more apparent than real, for in contemplation of law false representations made by a party as of his own knowledge, and not as a mere matter of opinion or general assertion, about a matter of which he has no knowledge whatever, such statement so made in ignorance of the truth is the same as the statement of a known falsehood, and will constitute a *scienter*. *Delaney v. Rogers*, 64 Mo. 204 ; *Dunn v. Oldham*, 63 Mo. 181 ; *Raley v. Williams*, 73 Mo. 310.

The refusal of the second instruction asked by defendant was warranted by the following authorities : *Wunnell*
4. ———: negligence of vendee. *v. Kem*, 57 Mo. 478; *Langdon v. Green*, 49 Mo. 367; *Mead v. Bunn*, 32 N. Y. 275; *Van Epps v. Harrison*, 5 Hill 63. Judgment affirmed, in which all concur.