THE MERCHANT'S INSURANCE COMPANY OF ST. JOSEPH, *Appellant*, v. HAUCK.

<div style="float:right; border:1px solid;">

| 83 | 21 |
|----|----|
| 38a | 486 |

| 83 | 21 |
|-----|-----|
| 151 | 20 |
| 80a | 527 |

| 83 | 21 |
|-----|-----|
| 84a | 169 |

| 83 | 21 |
|-----|-----|
| 97a ² | 7 |

</div>

1. **Practice:** INSTRUCTIONS. It is not error to refuse an instruction which is embraced in others given.

2. ———: ———. An instruction which is defective by reason of ignoring an issue in the case is cured by one properly embracing it.

3. **Principal and Surety:** PROMISSORY NOTE, EXTENSION OF PAYMENT: CONSIDERATION. An extension of the time of payment of a promissory note, for a definite period, by agreement between the payee and maker, will, if based upon a sufficient consideration, discharge the surety, if made without the latter's knowledge and consent. The payment of interest in advance in pursuance of such agreement is a good and valuable consideration.

*Appeal from Buchanan Circuit Court.*—HON. SILAS WOODSON, Special Judge.

AFFIRMED.

*H. K. White* and *B. R. Vineyard,* for appellant.

(1) The plaintiff, by its charter, was authorized to take the note sued on. (2) Plaintiff's third instruction should have been given. *Porter v. Hodenpuyl,* 9 Mich. 11; *Bank v. Whitman,* 66 Ill. 331; *Hinds v. Ingram,* 31 Ill. 400; *Rindskoff v. Doman,* 28 O. St. 416; *Long v. Disner,* 71 Mo. 452. (3) The general denial of the allegations contained in the new matter of defendant's answer, and the further reply that defendant, after all the payments referred to in the answer, well knowing the facts connected therewith, promised to pay the balance due on the note, were not inconsistent. Both might have been true. *Nelson v. Brodhack,* 44 Mo. 596. The reply was not a departure from the petition, and if it was, advantage of the error should have been taken by motion. *Railroad Co. v. Doyle,* 18 Kas. 58; *Mortland v. Horton,* 44 Mo. 58. (4) Defendant's third in-

struction totally ignored the question of plaintiff's knowledge of Hauck's relation as surety at the time of granting ·the extensions in proof. Such knowledge on the part of the creditor is .essential to the discharge of a party to the obligation by extensions granted to a principal, unless such relation was disclosed upon the face of the obligation. *Neil v. Hendig*, 2 Met. (Ky.) 247; *Wilson v. Foote*, 11 Met. (Mass.) 285; *Davenport v. King*, 63 Ind. 64; *McClosky v. Ind., &c., Union*, 67 Ind. 86; *Nichols v. Parsons*, 6 N. H. 30; *Kaign v. Fuller*, 14 N. J. Law, 419; *Agnew v. Merritt*, 10 Minn. 308. (5) Defendant's fifth instruction is erroneous in that it ignores plaintiff's evidence that defendant, after full knowledge of all the facts, had promised to pay the whole of the note. (6) The law of Missouri, previous to 1879, as declared in the decisions of the Supreme Court was that an agreement with the principal on a note for an extension of the time of its payment in consideration of the receipt of interest paid in advance, did ·not release the surety. *Marks v. Bank of Missouri*, 8 Mo. 316; *Wiley v. Hight*, 39 Mo. 130; *Hosea v. Rowley*, 57 Mo. 357; *Farmers' and Traders' Bank v. Harrison*, 57 Mo. 306; *Carter v. Mesner*, 58 Mo. 549. All the payments and alleged extensions of time of payment in the case at bar were made before this rule of property had been disturbed by the case of *Stillwell v. Aaron*, 69 Mo. 539, in 1879. It is the duty of this court to hold that agreements made on the faith of the law as it existed before the change shall be governed by that law. *Hammon v. Douglass*, 50 Mo. 436: *Douglass v. County of Pike*, 101 U. S. 686; *Long v. Long*, 79 Mo. 644; *McNichol v. U. S. M. R. Agency*, 74 Mo. 471.

*Spencer & Hall* for respondent.

The original cause of ·action in the petition was a cause of action against Hauck as a principal in the note; the cause of action as averred in the reply, was against

Hauck as a surety, once released from liability, who had waived said release. This was a departure. *Magruder v. Admire*, 4 Mo. App. 134. If the reply did not plead a waiver by Hauck, then there was no departure, but there was a fatal variance between the allegations of the petition and the proof, and the judgment is for the right party. All the evidence in the case proved that Hauck was a surety. The third instruction given for defendant ignored no issue in the case. But the second instruction given for appellant submitted the same issues to the jury concerning the extensions as the third for defendant, and the trial court will not, therefore, reverse the judgment for any error in defendant's third instruction. The fifth instruction given for defendant did submit the question of the knowledge of Hauck's suretyship on the part of appellant at the time of the extensions. The jury must have understood from all the instructions given by the court, that if Hauck promised to pay the note, or his half thereof, that thereby he waived his discharge from liability. The payment of interest in advance is a sufficient consideration to support an agreement for the extension of time in the payment of a note. *Stillwell v. Aaron*, 69 Mo. 539; *Ins Co. v. Hauck*, 71 Mo. 468.

EWING, C.—This suit was commenced to recover an alleged balance on the following note:

"Ninety days after date we promise to pay to the order of David Pinger, five thousand dollars for value received, negotiable and payable without defalcation or discount at the office of the Merchants' Insurance Company, St. Joseph, Missouri, with interest at the rate of ten per cent. per annum from maturity.

PINGER AND BROWNE,
GEORGE M. HAUCK."

Defendant filed an amended answer, admitting the execution of the note, alleging that he and Pinger were

joint sureties merely for Pinger and Browne, and that such relation was known to plaintiff; that plaintiff, without his knowledge or consent, for a valuable consideration, had extended the payment of said note for a definite time, and that thereby he was discharged.

The reply denied the allegations of the answer, and alleged that defendant, Hauck, after all the payments made, referred to in the answer, and well knowing all the facts and circumstances connected with such payments, and well knowing the effect thereof, and well knowing the insolvency of Pinger & Browne, promised plaintiff to pay it the balance due thereon.

The case was tried before Judge Woodson, as special judge. The corporate capacity and organization of plaintiff, as charged, were admitted, and the note read in evidence.

The defendant, to maintain the issues on his part, introduced evidence tending to show that when the note sued upon fell due, to wit: January 29th, 1871, the plaintiff, in consideration of $129.17, then paid it by Pinger & Browne, the principals in said note, said amount being the interest on the principal sum for ninety-three days, extended the time for payment of said note for such period of ninety-three days; that thereafter, regularly at the expiration of each successive period of ninety-three days, for the same consideration it granted similar extension of time until August 22, 1874, when a last extension was made for a like consideration for a like period of ninety-three days. The note sued on showed all of said payments of interest being severally indorsed thereon at the times respectively made, being ninety-three days apart, and each for the sum of $129.17. Defendant, being sworn on his own behalf, testified that he had not known that the note was not paid till after August 22, 1874; that he had not known of said extensions to the principal makers of said note, nor had he consented that they might be made;

that he and David Pinger were sureties only for Pinger & Browne.

On his cross-examination he testified that when Pinger & Browne failed, in September, 1874, he found that the note was still in existence; that Pinger & Browne, having become bankrupts, had proposed a composition with their creditors; admitted the following paper was signed by him:

"To the Merchants' Insurance Company of St. Joseph, Mo.

Please vote upon the claim you hold against Pinger & Browne in favor of the composition proposed by them. Said claim is a note dated October 21st, 1870, for the sum of five thousand dollars, signed by Pinger & Browne, David Pinger and myself.

[Signed] GEORGE M. HAUCK."

Did not remember signing this paper, nor did he remember that at the time of the composition that he was desirous of seeing it effected, except as a friend of Pinger & Browne.

In rebuttal, plaintiff introduced evidence tending to show that after the last payment of interest on said note by said principals, that said defendant had examined the note and its indorsements, and had then been told that it would not fall due under the last extension till November, 1874, which time had not at the time of such examination arrived; that he thereupon promised to pay said note, and afterwards urged plaintiff to accept said proposition for a composition offered by the principals, which it had refused to do until he signed the paper in question, and thereupon said plaintiff had voted in favor of such composition proposition, which had been carried, and the proceeds thereof credited on the note.

One of the plaintiff's officers testified that the only offer he heard from defendant Hauck, was an offer to pay one-half of the balance after crediting the composition payment in a note signed by himself and brother, which offer had not been accepted by plaintiff.

Defendant, Hauck, on re-examination, testified that the only promise made by him to plaintiff, so far as he recollected, was a promise to pay one-half of the balance of said note after crediting the composition payment, by giving a note signed by himself and brother, which offer was refused by plaintiff; that at that time, according to his recollection, he did not know that the time of payment of the note had been extended from time to time for fixed and definite periods of time, in consideration of interest paid in advance.

The plaintiff asked the court to give the following instruction:

3. If you believe from the evidence that defendant Hauck promised to pay the note in suit after full knowledge of the extension given to Pinger & Browne, you are instructed that he, by such promises, waived a right to claim a discharge from his liability therein, even though he may not, at the time of making such promises (if you find from the evidence they were in fact made), have known or understood the legal effect of such extensions to have given him the right to claim a discharge from such original liability; and if you find he has waived his right to claim such discharge, if such right ever existed, you will find for plaintiff, and assess the demand as directed in the first instruction. Which was refused.

The defendant moved the court to give the following instructions:

3. If the jury believe from the evidence in this case, that the defendant, George M. Hauck, signed the note in proof as surety only, and that the said note, upon its maturity, was renewed or extended as to the payment thereof for a fixed and definite time; or that said note, after its maturity, was from time to time, and for fixed and definite periods of time, so renewed or extended, as to its payment, without defendant's knowledge or consent, and by agreement between plaintiff, or some agent of plaintiff, and Pinger & Browne, the makers of said note, or either of them, and in considera-

tion of the payment in advance by said Pinger & Browne, or either of them, of the interest for the period of time to which the payment of said note had been so renewed or extended, then the jury must find for defendant, unless they believe, from the evidence in this case, that after the said extensions or renewals, and with a full knowledge that the said note had been so extended or renewed by and under said agreement, for said fixed and definite periods of time, and in consideration of the payment of interest in advance, promised voluntarily, without any conditions or qualifications, to plaintiff, or some agent of plaintiff, to pay said note, or one-half thereof. And it devolves upon plaintiff to show, to the satisfaction of the jury, by a preponderance of the evidence, that the said promise was so made, and that the defendant, at the time of making the said promise, had the said knowledge.

5. The court instructs the jury that if they believe from the evidence in this case, that the defendant, Hauck, signed the note in proof, as security only for Pinger & Browne, as the makers thereof, and that at the time of the maturity of said note, or at any time or times subsequent thereto, an agreement was made between the plaintiff, or its agents, and the makers of said note for an extension of the time of payment of said note for a fixed and definite period of time, to wit: ninety-three days, and that the consideration of said agreement to extend the time of payment of said note was the payment of a sum of interest in advance, and that such agreement, if made, was made with the knowledge on the part of plaintiff that the defendant was a security only on said note, and that such agreement was made without the knowledge or consent of the defendant, then they must find for the defendant, unless they further believe from the evidence that after such agreement to extend the time of payment for a fixed and definite period of time, this defendant did, with full knowledge of the said agreement and of the payment of interest in

advance as a consideration for the extension of time, promise unconditionally to pay one-half of the said note, and the burden of proving said promise to pay one-half, and of the knowledge of defendant as aforesaid, devolves upon the plaintiff. The payment of interest in advance, made in pursuance of an agreement to extend the time of payment of a note for a fixed and definite period of time, is a good and valuable consideration.

The court, on its own motion, gave the following instruction, against the objection of plaintiff:

If you believe, from the evidence, that defendant Hauck promised to pay the note in suit after full knowledge of the extension given to Pinger & Browne, you are instructed that he, by such promises, waived a right to claim a discharge from his liability thereon, even though he may not, at the time of making such promises (if you find, from the evidence, they were in fact made) have known or understood the legal effect of such extensions to have given him the right to claim a discharge from such original liability, and if you find he has waived his right to claim such discharge, if such right ever existed, you will find for plaintiff, and assess the demand, as directed in the first instruction. It is essential to the waiver claimed by defendant, that at the time of making it that he should have had full knowledge of the fact that an extension had been given for a definite period of time, and for a legal consideration.

The jury rendered a verdict for defendant. Judgment being rendered thereon the plaintiff appealed to this court.

I.  The issues of fact in this case were sharply defined.  The defendant alleging that plaintiff had, for a consideration, extended the time of the payment of the note, without defendant's knowledge or consent, whereby he was released and discharged from liability thereon. That he was only a surety for Pinger & Browne, which

was known to plaintiff. The reply denied the allegations of the answer and pleaded that defendant, with full knowledge of all the facts, promised plaintiff to pay the balance due on the note. With these issues, thus presented, the jury found for the defendant, and the only question is as to the instructions.

II. It is insisted by the appellant, that the trial court erred in refusing the third instruction asked by plaintiff. The same question presented in plaintiff's third instruction, to wit: the defendant's alleged waiver of his alleged discharge from liability, by his subsequent promise of payment, was fully and fairly presented in the third instruction given for defendant, as well as in the instruction given by the court on its own motion. These instructions placed the question prominently before the jury which is all that can be reasonably contended for by plaintiff.

III. Objection is urged to the third instruction given on behalf of defendant, in that it ignored the question of plaintiff's knowledge of Hauck's relation as surety at the time of granting the extensions of payment. The same objection might be urged to the plaintiff's second instruction, but these alleged errors are cured by the fifth instruction given for defendant which clearly presents that very question to the consideration of the jury. The instructions given are moreover within the principle clearly laid down in *Stillwell v. Aaron*, 69 Mo. 539, and *St. J., F. & H. Ins. Co. v. Hauck*, 71 Mo. 468. The latter case between the same parties to the present suit.

The judgment below is affirmed. All concur. Hough, C. J., concurs in the result.