SUSAN V. McBETH, Respondent, v. W. H. CRADDOCK, Appellant.

Kansas City Court of Appeals, December 24, 1887.

1. DECEIT—WHAT IS—GIST OF THE ACTION—CHARACTERISTICS OF—SCIENTER.—Deceit takes place when one injures another by deceiving him to his hurt. The *gist* of the action is the fraudulent representations of the defendant to plaintiff's damage. There must be fraud as distinguished from mere mistake. It is not always absolutely necessary that an actual falsehood should be uttered to render a party liable in an action of deceit; if he states material facts, as of his own knowledge, and not as a mere matter of opinion, or general assertion, about a matter of which he has no knowledge whatever, this distinct, wilful statement, in ignorance of the truth, is the same as the statement of a known falsehood, and will constitute a *scienter.*

2. PRACTICE—INSTRUCTIONS—CURING OF ERROR—CASE ADJUDGED. Where an instruction, in a series, differs from a prior one, only in being an extension or explanation of a correct proposition of law, as far as it goes, given in the former instruction, it does not come within the rule that a positive error or *vice* contained in an instruction for one party is not cured by a correct one given for the other. The jury are to consider the instructions altogether.

3. FRAUD—REPRESENTATIONS—WHEN MISLEADING, AND LACKING IN GOOD FAITH.—Where a party, by his statements and asseverations, purposely induces one to rely upon their truth, and forego other sources of information, he cannot escape liability by then suggesting further inquiry. It is a question of fraudulent intent and good motive, for the jury to ascertain.

4. ACTION OF DECEIT—MEASURE OF DAMAGES—MAY VARY WITH CIRCUMSTANCES.—The general rule is, that the limit of damages, in such actions as this, is the difference between the value of the property as represented and as it actually turns out to be. But the law will adapt itself to the varying circumstances and conditions that invest each particular case. Interest seems to have been allowed in such actions. (*Arthur v. Wheeler Co.*, 12 Mo. App. 341).

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Affirmed.*

Statement of case by the court.

This is an action for fraud and deceit. The petition alleges that plaintiff was the owner of certain household effects in Kansas City, of the value of seven hundred and fifty dollars, on which she owed one hundred and thirty-five dollars; that, about January 1, 1884, one P. W. Alley offered to buy said property, by paying sixty-five dollars in cash, assuming the payment of the claim of one hundred and thirty-five dollars, and by executing to plaintiff four notes, each for $137.50, to be secured by a second mortgage on a tract of one hundred and sixty acres of land, which he said he owned in Greenwood county, Kansas; he represented this land to be worth three thousand dollars or more; that there were one hundred acres in cultivation and that the balance was good timber, and that there was a mortgage on the same to this defendant for sixteen hundred dollars for borrowed money, and referred plaintiff to defendant, of whom inquiry could be made as to the correctness of these representations; the plaintiff thereupon called upon the defendant and stated to him fully the representations so made to her by said Alley, and inquired of him as to their truthfulness; defendant said they were correct, and he then represented to plaintiff that he well knew the Alley land in said Greenwood county, and that, to his knowledge, Alley had been offered eighteen dollars per acre for the same, and that the land was worth thirty-two hundred dollars; that one hundred acres of it was in cultivation and the balance in timber, and that he held a mortgage on the same for sixteen hundred dollars borrowed money, but that it was abundant security above that for the four notes proposed to be given by Alley to the plaintiff, and he spoke strongly of the same as a perfectly safe venture. Plaintiff says that the trade between herself and said Alley was being negotiated by one Haller, who was connected with the real-estate firm of Johnson & Wright, and before said trade was closed defendant represented to said

Haller that Alley owned one hundred and sixty acres of land in Greenwood county, Kansas, on which he held a mortgage for sixteen hundred dollars; that said land was worth three thousand dollars, and had one hundred acres in cultivation and the balance in good timber. Plaintiff says that neither said Alley nor the defendant gave to her the numbers of said land, but it was spoken of as that on which the defendant held a mortgage for sixteen hundred dollars, and lying in Greenwood county, Kansas. In pursuance of said representations, and relying on the same, on January 3, 1884, she transferred to said Alley said personal property for the sum of sixty-five dollars in cash, the payment of the one hundred and thirty-five dollar claim, and four notes given by said Alley to plaintiff, each for the sum of $137.50, secured by a mortgage on the southwest quarter of section 9, township 23, range 10, in said Greenwood county, and which was represented by said Alley to be the property on which the defendant held said mortgage, and in said mortgage the representation was made that one hundred acres of said land was in cultivation and the balance was in timber. Afterwards, on or about March 12, 1884, a deed was received by plaintiff through the postoffice, executed by said Alley and wife, conveying to plaintiff the southwest quarter of section 2, township 26, s., of range 8, east, in said county of Greenwood, and about the same time said Alley disappeared from Kansas City. This deed was exhibited to the defendant by plaintiff, and inquiry made as to its meaning, and he then said that Alley had made a mistake in the mortgage, and that the last-named deed conveyed the property which should have been described in the mortgage by Alley to plaintiff, and represented that the land described in the deed was that upon which he held the sixteen hundred-dollar mortgage. Soon thereafter, about May 21, 1884, the defendant represented to plaintiff that he had discovered that the deed, as aforesaid, of March 12, 1884, did not contain the proper land, and that, as it was his mistake in conveying the said land

to said Alley, he would correct it by making a deed directly to plaintiff, which he did, conveying the south-west quarter of section 2, township 26, s., of range 8, in said Greenwood county, Kansas, and he then represented that this was the same land which he had referred to when first called on by plaintiff before she had transferred her furniture to said Alley, and which land was chargeable with the sixteen hundred-dollar mortgage, and he again repeated that the land was worth over three thousand dollars, and abundant security for the five hundred and fifty dollars, so due to plaintiff, and that, of said land, one hundred acres were in cultivation and the balance in good timber. Plaintiff says that defendant concocted the scheme to cheat and defraud plaintiff, and employed and used said Alley as a tool; that all the representations made by both said Alley and defendant concerning said land were false, and known by them to be false when made, and that they were made for the purpose, and with the intent, on the part of both, to cheat and defraud the plaintiff, and said land was not improved or timbered, nor worth three thousand dollars, but was wholly unimproved and uncultivated, rocky and broken, and not worth, clear of all incumbrances, to exceed five hundred dollars. Plaintiff says that she parted with her property and took said notes therefor, relying entirely upon the representations of the defendant as to said land; that Alley was a stranger to her, and that he is wholly insolvent, and nothing can be realized from said land, and that, by such false and fraudulent representations, her property, as aforesaid, of the value of five hundred and fifty dollars, has been wholly lost to her. Wherefore, she asks judgment against the defendant for said sum of five hundred and fifty dollars, and interest, and the cost of suit.

The answer admitted the arrangement between plaintiff and Alley, and the mistake in the description of the land as given by Alley, and the correction thereof by his deed, but says it was done in good faith by him.

Denies the other allegations of the petition; and alleges that plaintiff has not paid the sum of sixteen hundred dollars.

The plaintiff's evidence fully sustained the allegations of the petition. It also shows that, as a matter of fact, the defendant had never loaned any money to Alley or taken any mortgage on the land; that defendant owned the land himself, and had merely given Alley, who was known to be insolvent, an option on his land, by paying defendant the sum of sixteen hundred dollars, the title all the time remaining in defendant. Alley disappeared shortly after this transaction, having disposed of the property he so obtained from plaintiff.

The defendant's testimony tended to show that he acted in good faith in the matter, though his testimony was evasive as to the representations he made. His evidence also tended to show that, after he made his statements to plaintiff, he told her not to rely upon them. He, however, repeated the statements and assurances to plaintiff about the quality, situation, and value of the land, at the second meeting, when he made her the deed to the land, on her assumption of the sixteen hundred-dollar claim.

The instructions for the plaintiff, excepted to by defendant, are as follows:

"3. If the jury believe, from the evidence, that the plaintiff, in negotiating a sale of her property to Alley, was requested by him to inquire of the defendant as to the character of the land upon which he proposed to give a second mortgage to secure the notes to be given for said property, being ignorant himself of the value, condition, and locality, and if she made such inquiry, and the defendant informed her that he was acquainted with said land, and that it was worth three thousand dollars, and that Alley had been offered eighteen dollars an acre for the same; that there were one hundred acres in cultivation and the balance in timber with water upon it, and that he had a mortgage upon it for sixteen hundred dollars, but that a

second mortgage to secure five hundred and fifty dollars would be good, now, if such representations were false, and known by the defendant to be false, when he made them, and if the plaintiff believed said representations to be true, and relying upon them as true, was induced thereby to sell her property to said Alley, and take in payment therefor sixty-five dollars in cash, and agreement by him to pay one hundred and thirty-five dollars incumbrance thereon, and four notes of one hundred and thirty-seven dollars and fifty cents, secured by a second mortgage on said land, and if plaintiff has sustained any loss by reason of taking said notes and second mortgage, then you must find for plaintiff."

"4. The jury are instructed that if they find for the plaintiff they will assess her damages at the value of said goods, if any, over and above the sixty-five dollars cash paid and one hundred and thirty-five dollars assumed, but not to exceed the sum of five hundred and fifty dollars, and to this the jury may add interest at the rate of six per cent. per annum from the date of filing this suit."

"5. Although the jury may believe, from the evidence, that the defendant stated to the plaintiff that she ought not to rely upon his representations, and that he did not advise the taking of the second mortgage on said land, yet, if you believe that such statements were not made in good faith, but for the purpose of misleading the plaintiff, then they constitute no defence to this action, and your verdict will be for the plaintiff, provided the defendant otherwise made himself liable under the law as declared in other instructions herein."

The defendant asked and the court refused the following instructions:

"5. If you believe the representations complained of were made in reference to the tract of land upon which the mortgage read in evidence was given, then you must find for defendant."

"6. You cannot find for plaintiff by reason of anything that was said by defendant after she delivered the goods to Alley."

"7. You cannot find for plaintiff upon any representations made by defendant as to the value of the land."

"8. If you believe plaintiff has not paid the mortgage on the land which she assumed at the time defendant executed the deed to her, then you must find, for the defendant."

The court, on behalf of defendant, gave the following instructions, with the portions in italics being added by the court of its own motion:

"1. You cannot find for the plaintiff against the defendant unless you find from the evidence: (1) That said defendant made the representations charged in the petition to have been made; (2) that said representations were false; (3) that they were known by the defendant to be false at the time he made them, *or that defendant made such representations as of his own knowledge, when in fact he had no knowledge whatever on the subject;* (4) that he made them for the purpose of cheating and defrauding plaintiff; (5) that plaintiff relied upon the same in making the trade, and would not have made the trade had such representations not been made. And you are instructed that it devolves upon plaintiff to prove these five requirements, and if any of them is not shown you must find for defendant."

"2. If you believe defendant told plaintiff, at the time she had the conversation detailed by her in her evidence, that she must not rely upon what he said, and must not make the trade upon what he said, your verdict must be for the defendant. *Unless, however, you believe such statement was made by defendant for the purpose and intent, as set out in plaintiff's instruction number five, in which event such statement is no defence to this action.*"

"3. If you find for plaintiff you cannot find for

her in a greater sum than she was actually damaged, and this cannot be greater than the market value of the goods at the time she made the trade, less the sum of two hundred dollars, *with six per cent. interest added from the date of instituting this action.*"

"4. The market value of the goods sold by plaintiff to Alley was the price they would have sold for on the day she sold them."

The jury returned a verdict for plaintiff. Defendant has appealed.

C. O. Tichenor, for the appellant.

I. The amended petition charges that plaintiff was defrauded by representations made by defendant, in reference to land in Kansas, which were known to him to be false.. Under the instructions plaintiff was allowed to recover even though defendant did not know that the representations made by him were false; that if he represented that he knew, when in fact he did not, he is liable. These charges are different. One cannot state one cause of action and recover on another. 2 Addison on Torts (Wood's Ed.) sec. 1177.

II. It is not enough to say that one can make an inquiry of another, and, simply because he knowingly answers falsely, he is liable in damages. He may make the answer not knowing the inquirer intends to act on it, and without intent to cheat or defraud him. *Cox v. Higley*, 100 Pa. St. 253; *Webb v. Case*, 5 Barb. (N. Y.) 550; *Pope v. Hart*, 35 Barb. (N. Y.) 636; *Wilcox v. University*, 32 Ia. 374; *Jolliffe v. Collins*, 21 Mo. 542; 2 Addison on Torts (Wood's Ed.) sec. 1174.

III. The pleader, thinking that the evidence was not clear and strong enough to make out a case, as to the false representations made at the time of the sale, declares that defendant repeated these false representations long after she had parted with her property. The court refused to strike out this part of the petition and allowed such evidence at the trial. This was error. She did not and could not have relied upon, or been damaged

by the last representations, as she had parted with her property.

IV.    Plaintiff's instruction number nine is based upon the fact that false representations were made to her when she called upon defendant to make an inquiry. The evidence of plaintiff herself, as well as that of defendant, shows that, on this occasion, defendant told her that, in making her trade with Alley, she must not rely on his statements.    Yet the jury are told that, though he said this, "yet if you believe that such statements were not made in good faith, but for the purpose of misleading the plaintiff, then they constitute no defence."    The action of deceit requires the clearest proof to sustain it. *Holland v. Anderson*, 38 Mo. 89 ; *Langdon v. Green*, 49 Mo. 363.    Yet the jury are told that a positive warning, that the one making the inquiry must not rely in making the trade upon what the interrogated states, amounts to nothing : that he meant she should rely on it, when he said she must not.    Parsons in his work on Contracts (vol. 2 [2 Ed.] p. 773), says, "it must appear the injured party not only did rely in fact upon the fraudulent statement, but had a right to rely upon it, in the full belief of its truth, for otherwise it was his own fault or folly, and he cannot ask the law to relieve him from the consequences."

V.    Instructions should be complete.    They should be clear, which they cannot be when they refer to another, as did defendant's number two, by the addition thereto by the court.

VI.    Plaintiff complains because the land she got was not as represented.    The jury are told that plaintiff can recover the full value of the property traded by her, though there is no evidence showing what the value of the land would be, if it had been as represented.    The evidence showed the value of the land she got, but not of the land she thought she was getting.    In no event could the verdict be greater than the difference in value.

VII.    The jury were allowed to allow interest on the amount of damages, from the filing of the petition.

This was error, for defendant did not get the goods traded by plaintiff to Alley.

M. R. DOWNS, for the respondent.

I. The charge against defendant was deceit, which is the result of falsehood coupled with an intent to injure ; an act and a state of mind constitute the ingredients of falsehood ; the act was the utterance of an untruth, the state of mind was a vicious disregard of the legal obligation assumed in the utterance ; and it is abundantly held that the state of mind is the ultimate fact. An assertion of knowledge that a thing is true, without such knowledge, and an assertion of a thing as true which is known to be false, is only two ways of expressing the same ultimate fact. *Arthur v. Mfg. Co.*, 12 Mo. App., 340.

II. As to defendant's objection to plaintiff's third instruction, it is enough that the jury were required to find that defendant's statements were in answer to an inquiry "as to the character of the land upon which he (Alley) proposed to give a second mortgage to secure the notes to be given for said property." The defendant knew the use to be made of his statements, and if under such circumstances they were calculated to deceive plaintiff, that constitutes intent, and defendant will not be heard to say he did not intend the inevitable result of his representations. *Arthur v. Mfg. Co.*, 12 Mo. App. 340 ; *Dulaney v. Rogers*, 64 Mo. 204 ; *Brownlee v. Hewitt*, 1 Mo. App. 366.

III. It was not error in the trial court to refuse to strike out a part of the amended petition. It is true the charge is deceit, practiced before the plaintiff parted with her goods ; but repeating the statements shows more clearly than any other part of the whole transaction the intent to cheat, developing as it does, the connection of defendant with the former transaction. The amended petition is a plain and concise statement of the facts upon which it is founded.

IV. The proposition of law, involved in the objectionable part of the instruction, is supported by abund-

ant authority. The jury are not told "that a positive warning that the one making the enquiry must not rely, in making the trade, upon what the interrogated states, amounts to nothing;" but that the jury could decide whether the statement of the interrogated was a warning, or whether it was intended to deceive and mislead plaintiff, and the jury put the last construction on it. There was nothing in it to mislead the jury.

V. There is evidence showing the value of the land is as represented. Defendant valued it at three thousand dollars as an expert, and said eighteen dollars per acre had been offered for it.

VI. The measure of damages is plaintiff's loss, and interest was properly allowed. *Caldwell v. Henry*, 76 Mo. 254 ; *Arthur v. Mfg. Co.*, 12 Mo, App. 341.

KARNES & KRAUTHOFF, also, for the respondent.

I. In this case it was necessary to prove a *scienter*. This proof could be made by showing that the defendant made the false representations complained of, knowing them to be false ; or that he recklessly asserted them to be true, when, in fact, he had no knowledge on the subject. These are both, or either, competent to be shown under the allegation of a fraudulent intention. Each and both prove the fraud complained of. There is no such distinction between them that it can be said to present different causes of action. Each of them means a representation, as the legal phrase is, "as of his own knowledge," and so they are but different forms to express the element of fraud in such an action as this. Grinnell on Deceit, 36 ; *Tryon v. Whitmarsh*, 1 Met. 1, 6–9 ; *Beebe v. Keep*, 28 Mich. 53 ; *Arthur v. Manufacturing Co.*, 12 Mo. App. 335–340 ; *Savage v. Stevens*, 126 Mass. 207.

II. The defendant cannot escape liability in this case under the rule that the representations made by him related merely to the value of the land referred to, and, hence, stood upon the ground of a simple expression of opinion, or of a seller's statement to a contemplated purchaser, for these reasons : (*a*) The defendant was

not a vendor making representations to his vendee, but a third person, upon whose statements the plaintiff had a right to rely. The maxim, *caveat emptor*, has no application. *Medbury v. Watson*, 6 Met. 246–260 ; Grinnell on Deceit, sec. 21. (*b*) The representations were not as to what Craddock had paid for the land, but affirmations of offers made to Alley for the land, and of a state of facts which showed that its marketable value, in the judgment of competent experts, such as Craddock represented himself to be, was not less than three thousand dollars. These were all assertions of fact. Grinnell on Deceit, sec. 28 ; *Belcher v. Castello*, 122 Mass. 189 ; *Buxton v. Lister*, 3 Atkyns, 383–386 ; *Stones v. Richmond*, 21 Mo. App. 17–20 ; *Sandford v. Hanley*, 23 Wend. 260–269 ; *Page v. Parker*, 43 N. H. 363–368 ; *Dimmock v. Halleck*, L. R. 2 Chy. App. 21, 27, 28, 30. (*c*) The statements were not merely with reference to the value of the land, but went also to its quality, character, location, the rent it brought, and the amount of money which could be borrowed on it, under the usual rules governing the loaning of money on farms. These were all statements of fact, and fraudulent representations concerning them rendered the defendant liable for deceit. 1 Benj. on Sales [Corbin's Am. Ed.] 562, note ; *Van Epps v. Harrison*, 5 Hill, 63 ; *Lysner v. Selby*, 2 Ld. Raym. 118 ; *Small v. Attwood*, 1 Young, 406, 461, 462 ; *Bowring v. Stevens*, 2 C. and P. 337 ; *Dobell v. Stevens*, 3 B. and C. 623 ; *Nowlan v. Cain*, 3 Allen, 261 ; *Manning v. Albee*, 11 Allen, 520 ; *Ives v. Carter*, 24 Conn. 392–405 ; *State v. Tomlin*, 5 Dutch. [29 N. J. L.] 13–23 ; *State v. Hefner*, 84 N. C. 751 ; *Bradley v. Luce*, 99 Ill. 234–241 ; *Savage v. Stevens*, 126 Mass. 207 ; *Brownlee v. Hewitt*, 1 Mo. App. 360–367 ; *Caldwell v. Henry*, 76 Mo. 254 ; *Maggart v. Freeman*, 27 Ind. 531 ; *Harrison v. McMurray*, 23 Ind. 9. (*d*) The defendant's statements were with reference to matters peculiarly in his own knowledge, and from surroundings of the parties plaintiff had a right to rely upon them, and had no opportunity to judge for herself, all of which facts defendant well knew. *Cahn v. Reid*, 18 Mo.

App. 115; *Stones v. Richmond*, 21 Mo. App. 17; *Dunn v. White*, 63 Mo. 181; *Brown v. Castles*, 11 Cush. [Mass.] 348; *Simar v. Canada*, 53 N. Y. 298.

III. It was not necessary that defendant should have been interested in the transaction, or derived some benefit from his representations. The *gravamen* of the charge is, that the plaintiff has been deceived to his hurt; not that defendant has obtained an advantage. Bigelow on Fraud, 27; 2 Smith's Lead. Cas. [8 Ed.] 75; *Patten v. Guerney*, 17 Mass. 182; *Brownlee v. Hewitt*, 1 Mo. App. 360; *Watson v. Crandall*, 78 Mo. 583; *Pasley v. Freeman*, 3 Term. R. 51.

PHILIPS, P. J.—This action appears to have been stoutly resisted by defendant; and his learned counsel has raised and pressed many questions on this appeal, which will be disposed of in their order.

I. It is claimed that the trial court erred in adding to the third instruction, as asked by defendant, the words, "or that defendant made such representations as of his own knowledge, when, in fact, he had no such knowledge." The objection is, that the petition charges that plaintiff knew the representations made by him were false, whereas, the added words allowed plaintiff to recover, although defendant did not know the statements made by him were false.

It is said by the books, that the tort deceit takes place when one injures another by deceiving him to his hurt. The *gist* of the action is the fraudulent representations of the defendant to plaintiff's damage. "There must be fraud as distinguished from mere mistake. It is not, however, always absolutely necessary that an actual falsehood should be uttered to render a party liable in an action of deceit. If he states material facts as of his own knowledge, and not as a mere matter of opinion or general assertion, about a matter of which he has no knowledge whatever, this distinct, wilful statement, in ignorance of the truth, is the same as the statement of a known falsehood, and will constitute a

*scienter.*" *Dunn v. Oldham,* 63 Mo. 181; *Caldwell v. Henry,* 76 Mo. 254. All the authorities are agreed, "that deceit may be committed not only with the careful intention of one who knows what he asserts to be true is false, but also with the reckless intention of one who does not know whether what he represents to be true or false, but who, for one reason or another, is willing that his reckless representations should be believed." Grinnell on Deceit, 35–36; 2 Add. Torts, sect. 1177. The *gravamen* of the action is the false representation, made with intent to injure, followed by damage. *Medbury v. Watson,* 6 Met. 259. Representing a thing to be true, as of one's own knowledge, which is false, even though not known to be false, and representing the thing to be true known to be false, are, in legal substance and effect, one and the same thing. They often run into, or overlap, each other. The two modes of averment are but two ways of expressing the same ultimate fact. *Caldwell v. Henry,* 76 Mo. 260; *Savage v. Stevens,* 126 Mass. 208; *Beebe v. Knapp,* 28 Mich. 53; *Arthur v. Manufacturing Co.,* 12 Mo. App. 333. In the Michigan case the instruction was modified almost in the same respect as the one under consideration. The pleader, while setting out the facts of the case, may still, in a measure, plead a fact according to the legal effect thereof; and the evidence which tends to prove the substantive fact is admissible. *Turley v. Edwards,* 18 Mo. App. 677.

In view of the state of proofs in this case, we do not see how the defendant could have been prejudiced by this instruction. The evidence was so overwhelming, that he stated knowingly what he knew to be false, that it is not easy to conceive that the verdict could have been otherwise than for the plaintiff, on either hypothesis.

II. Instruction number three, given on behalf of plaintiff, is objected to, because it does not follow the language of the petition, that the representations "were made for the purpose and with the intent, on the part of

defendant, to cheat and defraud plaintiff." The instruction did, however, predicate the essential facts to be found by the jury; and then told the jury that if such representations were false, and known by defendant to be false when made, and the plaintiff, in reliance thereon, parted with her property, she could recover. The petition itself would have been good, where it sets out all the facts showing the fraud and *scienter*, without, in express terms, averring the *scienter*, especially so after verdict. *Beebe v. Knapp, supra; Dulaney v. Rogers*, 64 Mo. 204; *Arthur v. Wheeler & Wilson Co.*, 12 Mo. App. 335. Less merit is there in the objection of appellant, in view of the fact that the court, at his own instance, instructed the jury, that unless they found the defendant made the representations for the purpose of cheating and defrauding the plaintiff they would find for the defendant. We do not regard this, as suggested by appellant, as coming within the rule, that a positive error or *vice* contained in an instruction for one party is not cured by a correct one given for the other. The latter instruction is rather to be regarded as an extension, or explanation, of a correct proposition of law, as far as it goes, given in the former instruction. The jury are to consider them altogether. It is not at all apparent how the jury could misunderstand the direction in such case, and especially in view of the principle that the jury could only find the existence of the evil intent from the tangible facts proved. *Hannah v. Baylor*, 27 Mo. App. 302; *Karle v. Railroad*, 55 Mo. 476; *Whalen v. Railroad*, 60 Mo. 323; *Merchants' Ins. Co. v. Hauck*, 83 Mo. 21; *Brink v. Railroad*, 17 Mo. App. 177; *Wilson Sewing Machine Co. v. Railroad*, 71 Mo. 203.

III. Complaint is made of the action of the trial court in not striking out that portion of the petition, and refusing to exclude any evidence thereof, which set out that defendant, at the time he tendered her the deed from himself for the land, repeated the statements respecting the quality, situation, and value of the land.

It is true, as contended by the learned counsel, that plaintiff had already parted with her property on the faith of the prior statements. If it were intended, by this allegation and proof, to support an action predicated alone of this conversation, the objection would be well taken. But this latter transaction is a part of the history—the continuing facts—of the case, almost inseparably connected with the main facts, and the final consummation of the defendant's fraudulent scheme. While plaintiff had parted with her property on the delivery of the first mortgage from Alley, yet, when she went with her brother to see defendant for an explanation of the remarkable conduct of Alley, in forwarding her a deed to another piece of land, without one word in explanation, the defendant, in furtherance of his scheme, and to give plausibility to his professed honesty and fairness, and in order to get the plaintiff to take a deed from him, assuming again payment of his bogus claim of sixteen hundred dollars, and to quiet her apprehensions of some wrong, renewed his statement about the character of the land. This latter transaction and statement bore upon the issue of the *quo animo;* as much so as the subsequent statements of a fraudulent grantor or assignor in proof of the antecedent fraud. *Beebe v. Knapp, supra; Erfort v. Consalus,* 47 Mo. 212-213; 1 Hill, 316.

IV. The fifth instruction given for plaintiff is objected to, because it told the jury that, although defendant may have told plaintiff not to rely upon his representations, and that he did not advise her to take the mortgage, yet if they further believe that such statements were not made in good faith, but for the purpose of misleading the plaintiff, such fact would not avail the defendant. In such instances there is a close connection between the spirit of the law and the code of ethics. After the defendant had, by his persuasive statements and manœuvers, sown the seeds of confidence in the mind of his unsuspecting victim, it would be a jugglery of words to say he can escape liability for his

insidious deceit, by cunningly supplementing his convincing speech with the expression, "but you need not believe what I say, or act upon it." A man would be no less a defamer of character, *ad damnum*, who should proclaim to bystanders, "my neighbor, John Smith, is a thief; he stole a horse; but you need not act towards him upon what I say." The law is, that, where the party, by his statements and asseverations, purposely induces one to rely upon their truth, and forego other sources of information, he cannot escape liability by then suggesting further inquiry. It is a question of fraudulent intent and good motive, for the jury to ascertain. *Stones v. Richmond*, 21 Mo. App. 17 ; Big. on Fr. 68-69. Where a party resorts to unlawful methods, and accomplishes a fraudulent purpose, "the law will not stop to measure the force of such inducements. It is enough that the party was deceived and cheated, and the defendant's falsehood and fraudulent practices contributed to that end." *Jones v. Hudson*, 47 Vt. 127.

V. More serious objection is urged against the fourth instruction given by plaintiff, as to the measure of damages. The general rule is, that the limit of damages, in such actions, is the difference between the value of the property as represented and as it actually turns out to be. The contention of counsel is, that, while the evidence showed that the land was really of very little value, not over five dollars per acre, there was no evidence as to the value of the land as represented. This objection would be valid, had there been nothing more in the defendant's representations than the locality, quality, and character of the land. But every case must depend more or less upon its own peculiar facts, because the law itself possesses, necessarily, so much of flexibility as to adapt itself to the varying circumstances and conditions that invest each particular case. The general rule of law is, that mere statements made by a vendor during a negotiation of a sale, respecting the value of the property, is mere commendation, a mere expression of opinion, for the

incorrectness of which the law affixes no liability. Yet, where the situation of the parties to the negotiation is quite unequal, as in this case, as where the property is situated in another state, and an inspection of it would be attended with inconvenience and expense, such false assertions of value, when made as a fact, as in this case, may constitute the basis of an action for fraud and deceit. *Cahn v. Reid*, 18 Mo. App. 116. And this is more especially so where a person not a party to the contract volunteers the false statement. *Medbury v. Watson*, 6 Met. 260. In the case at bar, the defendant, in various forms, represented the value of this land to be not less than three thousand dollars; that an offer of eighteen dollars per acre had been made for it; that he never loaned money on land at over one-half its value, and he had loaned sixteen hundred dollars on this. It was more than the expression of a mere opinion. It was a fact he was stating, and he had a purpose to have plaintiff so understand it. He must have known that, as plaintiff was about to part with her little all of household goods, and take a second mortgage on land, that the value of the land in excess of the amount of the first mortgage was an all-important fact to be informed about. The defendant undertook to give her this information. Why should he not be held to the valuation thus fixed by himself? How is plaintiff, under defendant's theory, to secure the benefit of what, in justice and good conscience, belongs to her? By what sort of evidence could she secure the benefit of this valuation placed on it by defendant? Where the representations made are as to the location, quality, and the like, of land, it is easy enough for the party defrauded to make proof of the value of such land. But here the material representation made by defendant was as to the value of this land. He is responsible for that falsehood. Now, suppose the valuation placed by witnesses on such land as the defendant described to the plaintiff should fall far below the amount of defendant's prior claim and the plaintiff's damage, how

could plaintiff avail herself of the other material fact represented, the value of the land at three thousand dollars? She could not introduce witnesses to prove such a fact, predicated of defendant's admission and statement. To say that his statement of fact ought not to be held false as the basis of an action, and true as a basis of recovery of damages, is plausible, but it is not sound. Plaintiffs in actions of replevin and by attachment sometimes, where they fail, are held as to the valuation placed by them in their affidavits on the property taken or seized, when called upon to account to the other party. It often happens, in the administration of justice, that a party's lies may not avail him when he seeks to be benefited by them, but the party injured by them may hold him to make them good.

VI. It is finally objected that the court erred in instructing the jury that they might allow interest to plaintiff from the date of filing suit. It is no objection to allowing interest that the defendant did not get the plaintiff's property. The basis of the complaint and claim of plaintiff is, that she has been deceived and misled, to her hurt, by the conduct of the defendant, not that the defendant has gained an advantage. He is liable for his fraud which has occasioned the loss of plaintiff's property. *Fisher v. Mellen*, 103 Mass, 503-505. The plaintiff is entitled to have the value of the property she lost. How can she be compensated fully without either punitive damages, as for a fraud in fact, or interest on the value of the property, which is but a measure of compensation. Interest seems to have been allowed in such actions. *Arthur v. Wheeler & Wilson Co.*, 12 Mo. App. 341.

Other questions are raised by appellant, but they are unimportant. So far as the law is concerned, we think the parties had a fair trial. A review of the evidence has not satisfied us that there could have been any undue prejudice or passion on the part of the jury.

The other judges concurring, the judgment is affirmed.