## CITY OF MARSHALL V. MRS. KATE McALLISTER.

### Delivered January 8, 1898.

**1. Constitutional Law—Action for Personal Injuries.**

The Act of May 4, 1895 (article 3353a, Revised Statutes), providing that actions pending or thereafter brought for personal injuries not resulting in death should survive to and in favor of the heirs and legal representatives of the party injured upon his death, is not retroactive and unconstitutional as applicable to actions pending at the time of its passage. Following Railway v. Rogers, 39 Southwestern Reporter, 1112.

**2. Pleading—Specific Statement of Personal Injuries.**

In an action for personal injuries against a city, the defendant has the right to require by special demurrer that plaintiff specifically set forth in his pleadings what injuries he had received.

**3. Jurors—Disqualification—Action Against City.**

Taxpayers of a city are not, for that reason, disqualified to sit as jurors in a case where the city is sued for damages.

**4. Contributory Negligence—Violation of City Ordinance.**

Plaintiff in an action against a city for injury received while crossing a bridge will not be precluded from recovery because of the fact that he was crossing in a gait faster than a walk, in violation of a city ordinance, unless this contributed to the injury.

**5. Municipal Corporation—Ordinary Care as to Safety of Bridges.**

The measure of a city's duty in regard to the safety of bridges within its limits is to exercise ordinary care and diligence to see that they are reasonably safe for travel.

APPEAL from Harrison. Tried below before HON. W. J. GRAHAM.

*Arthur H. Cooper*, for appellant.

*T. P. Young*, for appellee.

RAINEY, ASSOCIATE JUSTICE.—This suit was brought by L. G. McAllister against the city of Marshall to recover damages for personal

injuries received by him by being thrown from his buggy while crossing a bridge within said city limits. It was alleged by plaintiff that the bridge was defective, which caused the injury, and that the city was negligent in not keeping the bridge in repair. Before the trial, L. G. McAllister died, and upon the suggestion of his death his representative, Mrs. Kate McAllister, was made party plaintiff, who prosecuted the suit to judgment.

The city pleaded in abatement that the suit abated upon the death of said L. G. McAllister, and prayed that it be dismissed. Judgment was rendered against the city, from which this appeal is taken.

It appears that after the injuries were alleged to have been received, and before said L. G. McAllister's death, the Legislature of Texas passed an act (article 3353a, Rev. Stats. 1895) providing that actions pending or thereafter brought for personal injuries not resulting in death should survive to and in favor of the heirs and legal representatives of the party injured, upon his death.

It is insisted by counsel for the city that the said act is retroactive and unconstitutional, and that its provisions should not govern in this case.

This precise point was raised in the case of Railway v. Rogers, 39 Southwestern Reporter, 1112, and we there held that the action would survive. The question was fully considered when that case was under consideration, and we now see no reason for changing the views there expressed.

2. The defendant specially excepted to plaintiff's petition on the ground, among others, that it did not state "how or where he was injured, nor the character of the injuries complained of." The allegations of the petition were, that plaintiff was "badly and painfully injured; * * * that he was confined to his bed three days; * * * that he endured the greatest pain and suffering," and that "he received a serious and painful injury." There were no specific allegations as to the character of the injuries received. It was the right of defendant to require plaintiff to set forth specifically in his petition what injuries he had received, and it was error in the court to overrule defendants' exception. For this error, the judgment of the court below will be reversed.

3. Taxpayers of a city are not, for that reason, disqualified to sit as jurors in a case where the city is sued for damages. Railway v. Bishop, 34 S. W. Rep., 323; City of Dallas v. Peacock, 89 Texas, 58. The court, therefore, erred in discharging jurors for that reason. While it is not clear that defendant suffered injury from this action of the court, and we would not reverse the judgment on this point under the conditions shown by the record, yet in view of another trial it is well to call the attention of the court thereto, that it may not be repeated.

4. The court charged the jury, in effect, that the driving over a bridge in a gait faster than a walk, such being unlawful, would not bar plaintiff's right to recover, unless such driving contributed proximately to his injury. Appellant insists that this is error, and contends that the

mere fact of driving over a bridge being unlawful precludes a recovery by plaintiff.

A statute of this State makes it a penal offense to drive over a bridge in a gait faster than a walk; but this would not preclude a recovery by plaintiff if the jury believed McAllister, at the time he was injured, was driving faster than a walk, unless such contributed to his injury. The violation of a statute is not material where such violation did not contribute to the injury. Sherm. & Redf. on Neg., sec. 93, notes 2 and 3.

5. The following charge was requested by appellant, and refused, viz: "The defendant in such a case as the one alleged in plaintiff's petition is not an insurer or guardian of the safety of a person traveling over its streets and bridges, and is not required to provide against everything that might happen to persons passing over them, but only such things as might reasonably be expected to occur."

The measure of the city's duty in regard to the safety of bridges within its limits is to "exercise ordinary care and diligence to see that they are reasonably safe for travel." 1 Sherm. & Redf. on Neg., sec. 289. This duty was clearly set forth in the main charge, and while the requested charge is correct as a proposition of law, we think the main charge was sufficient to inform the jury as to the liability of the city under the circumstances. We see no special reason why the special charge should have been given. If the city exercised ordinary care to keep the bridge in a reasonably safe condition it was not guilty of negligence, and therefore not liable.

There are other assignments of error, but they are not well taken, and there is no need to discuss them.

For the error above stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*