## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1902.

*( Continued from Volume 96.)*

## MOLLIE B. FAIRALL et vir, Respondents, v. CITY OF CAMERON, Appellant.

Kansas City Court of Appeals, December 1, 1902.

1. **Municipal Corporations: NEGLIGENCE: PLEADING: PETI-TION: WAIVER.** A petition summarized in the opinion and inartificially drawn, defectively states a good cause of action for negligence of the defendant city in failing to keep its sidewalks in a reasonably safe condition for travel; and the defects were waived by failing to call them to the court's attention before trial.

2. **Evidence: DEPOSITION: IMPEACHMENT OF WITNESS.** Plaintiff took the deposition of a physician. At the trial defendant read the deposition. Plaintiff, with a view to contradicting it, introduced a conversation of the physician with another witness, to which the defendant objected on the ground that the plaintiff could not contradict his own witness. *Held*, without deciding the question, that the conversation corroborated the physician.

3. **Municipal Corporation: DEFECTIVE SIDEWALK: NOTICE: INSTRUCTION.** An instruction relating to the notice of the defective condition of the sidewalk is held not to conflict with other instructions, but to be incomplete, and a harmless error, when taken in connection with other instructions.

Vol 97 app—1. (1)

4. ——: NEGLIGENCE: DEFECTIVE SIDEWALK: INSTRUC-
TION. An instruction telling the jury if the sidewalk was "in an
unsafe condition for persons passing over," etc., "then they should
find," etc., is held to be harmless error since taken with the other
instructions and accompanying verbiage the jury must understand
that "unsafe condition" as used, meant not reasonably safe.

5. **Damages:** VERDICT: EXCESSIVE: EVIDENCE. On the evi-
dence where it is plain that the jury believed the plaintiff's wit-
nesses and not the defendant's, a verdict for seven hundred and
sixty dollars for a personal injury on the sidewalk is held not ex-
cessive.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*John A. Livingstone, William Henry* and *James E. Goodrich* for appellant.

(1) The petition fails to state a cause of action in that it nowhere states that defendant was negligent or negligently failed to make or repair its sidewalk, or that it was not in a state or condition reasonably safe for travel thereon by the traveling public, which is the test of the defendant's liability. Bonine v. Richmond, 75 Mo. 440. (2) As to the proper condition of the streets and sidewalks of a city the test is, that they be reasonably safe for travel thereon in the usual modes of travel. Kiley v. Kansas City, 87 Mo. 106, and cases there cited. (3) As to the obligation of the city to maintain the streets and sidewalks, it is only under a duty to exercise ordinary care to keep them in that condition. Nixon v. Railroad, 141 Mo. 437. (4) When, therefore, a street gets out of repair the city has not only a reasonable time in which to discover the defect, but also a reasonable time in which to remedy the fault after such discovery. Banstian v. Young, 152 Mo. 325; Reedy v. Brewing Ass'n, 161 Mo. 539; Dietrick v. Railroad, 89 Mo. App. 39. (5) Dr. Lindley was called by plaintiff to give a deposition, and plaintiff thereby vouched for his credibility. Under the facts in evi-

dence he could not be impeached by plaintiff. Edwards v. Crenshaw, 30 Mo. App. 510; Price v. Lederer, 33 Mo. App. 426.

*Crosby Johnson & Son* and *Frank B. Ellis* for respondents.

(1) Even though the petition was defective, it is too late to raise the point in this court. Lemser v. Mfg. Co., 70 Mo. App. 209; Lynch v. Railroad, 111 Mo. 601. The Bonine case, 75 Mo. 437, involved no question of pleading, but of instruction only. (2) Even though plaintiff's second instruction was defective in failing to state that defendant was entitled to time to repair after discovery of the defect, such defect was cured by the other instructions saying the city was entitled to such time. McBeth v. Craddock, 28 Mo. App. 280; Haver v. Schyhart, 48 Mo. App. 50. (3) The measure of damages was the award of a jury, not influenced by prejudice or passion and having a due regard for the evidence in the case. Winkler v. Railway, 21 Mo. App. 109; 3 Sutherland on Damages, sec. 1242. (4) An error in admission of evidence or in the instructions, which did not mislead or prejudice the jury, is not ground of reversal. Wagner v. Edison, Co., 82 Mo. App. 288; Link v. Prufrock, 85 Mo. App. 618; Jones v. Poundstone, 102 Mo. 240.

BROADDUS, J.—This is a suit against the city of Cameron, Missouri, to recover damages resulting from an alleged injury to plaintiff, Mollie B. Fairall, caused by a fall on a sidewalk alleged to have been defective. The plaintiff's evidence tended to show that in the month of December, 1900, while she was passing over a sidewalk on Harris street in said city in company with two other women, a board in the walk was stepped on by one of her companions in such a manner that it tilted up and tripped the plaintiff, throwing her down and injuring her; and that said sidewalk had been in a bad condition long prior thereto by reason of the rotten

condition of the boards and stringers composing the same. There was a trial before a jury which resulted in a verdict for the plaintiff in the sum of $760, upon which judgment was rendered. The defendant has appealed.

One of the grounds assigned for a reversal is that the petition does not state a cause of action in this: that it does not state that the sidewalk in question was defective or out of repair through the negligence of the defendant. The petition after alleging it was the duty of the defendant to keep its streets and sidewalks in good and safe condition for the passage of travelers, proceeds to allege that the sidewalk on Harris street where plaintiff was injured was made of wooden stringers with boards laid crosswise on them and had become old and rotten; that the boards had become loose from the stringers because the nails were old, rusted and broken, and from various other alleged defects, so that when stepped upon they were liable to tip up; that in December, 1900, the plaintiff, Mollie B. Fairall, in company with two others, while walking along said sidewalk, unaware of the danger of using the same, was thrown down by reason of one of the boards tilting up under the foot of one of her companions and catching her foot while she was in the act of stepping over a hole in said walk made by the absence of two boards therein; that said defects had existed for a long time prior to her injury and were known, or should have been known, by the defendant in the exercise of reasonable care; and that she was seriously injured by the fall.

The petition, which is founded upon a cause of action against defendant city for negligence for a failure to keep its sidewalks in a reasonably safe condition for persons using them, is remarkable for a failure to use the word negligence. It in no instance charges that the acts complained of were acts of negligence, nor does it charge that the sidewalk in question was not reasonably safe for travel. The defendant's counsel seem to think that these omissions constitute a fatal defect in

the pleading. It is usual in cases of this kind to allege that the acts of omission or commission were the result of negligence, but we are not prepared to say that for the absence of such averments the pleading is fatally defective. There is no doubt but what the omissions of duty on the part of the defendant as alleged in the petition was negligence. The law characterizes such conduct as negligence. It was not indispensable that the pleader should charge that the defendant was negligent in omitting to perform a duty it owed to the traveling public if the acts of themselves constituted negligence. And if such acts did not amount to acts of negligence, a charge that they were negligent acts would not strengthen their force. Section 592, Revised Statutes 1899, prescribes in a general way the form for a petition, viz.: "First, the title of the cause . . . ; second, a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition; third, a demand of the relief to which the plaintiff may suppose himself entitled."

The petition in question substantially complies with the requirements of the code, though it is inartificially drawn. It is true, it contains unnecessary repetition of the facts and lacks conciseness, but the courts have never in construing the statute gone to the length of holding that a petition was bad for that reason. The term "concise statement" is a relative term, and it would be impossible to formulate a precise rule in any case; therefore, the statute must be liberally construed. Leaving out the fact that it is lamentably inartificial, the petition at most is subject only to the criticism that it is a defective statement of a good cause of action. And the objection that it alleges that it was the duty of the defendant to provide "safe," instead of "reasonably safe" sidewalks for the use of the traveling public can make no difference, as the duty of the defendant in that respect is a matter of law and can not be enlarged by an affirmative allegation. A misstatement of the law did not have the effect of making the petition bad. If the statement of facts authorized the plaintiff to re-

cover, she was entitled to recover under the law as it was and not as it might be claimed in the pleading. All mere defects in the petition were waived by the defendant by its failure to call the attention of the court to them before trial. There was no motion or demurrer interposed before trial.

The defendant asks that the cause be reversed because of error in the admission of incompetent evidence and the giving of improper instructions in behalf of the plaintiff over the objections of the defendant. The record discloses that the plaintiff, previous to the trial, had taken the deposition of a Dr. Lindley but did not offer it at the trial, same being read on behalf of the defendant. Crosby Johnson, one of plaintiff's witnesses, testified that prior to the taking of the said deposition Dr. Lindley told him that he had treated the plaintiff for an injury to her side. The defendant contends that as the plaintiff took the deposition of Dr. Lindley that she thereby vouched for his credibility and was not authorized to impeach him by proving that he had made a statement in the deposition different from that made to the witness. Without going into the question whether the plaintiff, after she had taken Dr. Lindley's deposition, although not using it on the trial, was authorized to discredit him when his deposition was used by the defendant, we hold that the evidence of Crosby Johnson did not tend to impeach Dr. Lindley but on the contrary its tendency was the reverse, inasmuch as Dr. Lindley in his deposition did state that he had treated the plaintiff for an injury to her side.

The defendant is also mistaken as to the evidence of Catherine Nixon. It is claimed that she was permitted to testify that she had also fallen on the sidewalk in question by reason of its defective condition. The record fails to disclose any such testimony.

Particular objection is made to instruction number two given on behalf of the plaintiff. Said instruction is faulty for the reason that it fails to tell the jury that if they find that the sidewalk in question was unsafe, notice of its defective condition must have been had

such a reasonable length of time before the accident as to have enabled defendant to have repaired it. But instruction number one given for the plaintiff is not subject to such objection. Substantially, it is to the effect that in order to make the defendant liable for injury resulting from its defective condition, if it was defective, the defendant must have had notice of its defect for such a length of time as to enable defendant to have made repairs before the accident. Instruction number three given for the defendant also contains a correct declaration of the law in that respect. Said instruction number two is not in conflict with the other two, but its fault is one of incompleteness; and it seems to us that its defect was cured by the two properly given. Merchants Ins., Co. v. Hauck, 83 Mo. 21; McBeth v. Craddock, 28 Mo. App. 380; Link v. Prufrock, 85 Mo. App. 618.

But objection is made by defendant to plaintiff's fifth instruction, the language of which in reference to the duty of defendant as respects its sidewalks, is as follows: "The jury are instructed that it was the duty of the defendant to keep its streets and sidewalks in a proper state of repair for the use of the traveling public; and if you find from the preponderance of the evidence that the sidewalk in the city of Cameron over which the plaintiff was passing was in an unsafe condition for the persons passing over," etc. It was held in Nixon v. Railroad, 141 Mo. 437, that an instruction which told the jury that it was the duty of the railroad company to keep its crossing over a public road in a safe condition for the use of travelers, was erroneous; that its duty went no further than to keep such crossings in a reasonably safe condition for travel. But as instructions numbers one and two of plaintiff, and three and six of defendant, properly defined the duty of the defendant city in providing suitable sidewalks for public use, we do not see how the jury could have been misled, especially in view of said sixth instruction which is as follows: "The court instructs the jury that the defendant is not an insurer against accidents upon its

streets or sidewalks, nor is every defect therein a ground of liability though it may cause an injury, but the defendant city performs its full duty if the streets and sidewalks are kept reasonably safe for persons passing over them, using ordinary care and prudence, and if you believe that the sidewalk at the place where the plaintiff received her injury, if any she received, was in a reasonably safe condition, then plaintiff can not recover in this action, and your verdict will be for the defendant." Taken all in all, it is not reasonable to suppose that the jury could have been misled upon the question of the duty of the defendant respecting its sidewalks. The jury must have understood that the defendant was not required to keep its sidewalks in an absolutely safe condition for travel. They were bound to know that the term "unsafe condition" did not mean that any kind of defect in the sidewalk which caused plaintiff's injury would render defendant liable. At most, the expression that it was "the duty of the defendant to keep its streets and sidewalks in a proper state of repair" and that if said sidewalk was "in an unsafe condition" is not equivalent to saying that the city was bound to keep its streets and sidewalks in a "safe condition" in an unqualified sense. The jury should have understood that the expression "in a proper state of repair" meant, in connection with the other instructions, a reasonable state of repair; and "unsafe condition," as used, meant not reasonably safe.

The appellant contends that the verdict of the jury is excessive. The evidence shows that plaintiff received an injury as the result of a fall on the sidewalk in question and that she complained of a pain in her side where, it appears from the evidence of her doctor, there was some external evidence of such injury. According to the evidence of plaintiff's doctor and others, the injury was a serious one causing much pain and discomfort, but from which she will probably recover. The defendant's evidence tends to show that the plaintiff's suffering was not the result of the so-called in-

jury received from the fall, but the result of an impaction of the colon with fecal matter. The case presents another illustration that doctors will disagree. If the jury believed the plaintiff and her witnesses and disbelieved the defendant's medical experts, which it no doubt did, we can very well understand that the verdict with such view of the case is not excessive.

Finding no substantial error, the cause is affirmed. All concur.