DALLAS CONSOLIDATED ELECTRIC STREET RAILWAY COMPANY v. MISS TOMMIE BLACK.

Decided November 1, 1905.

**1.—Argument of Counsel.**

This case is reversed for comment of counsel in argument on the fact that plaintiff was a poor girl and defendant a rich corporation, excepted to and not corrected by the court.

**2.—Opinion Evidence—Effect of School Teaching.**

On the question of the cause of physical conditions appearing in plaintiff, who had taught school for ten years and was suing for personal injuries received in an accident on a street car, it was permissible to ask a medical expert as to the effect of such confinement in the school room as a possible cause of the conditions in question.

**3.—Personal Injury—Pleading.**

Injuries to the person should be specifically described or the petition so framed as to show that they ·could not be.

**4.—Pleading—Street Railway—Negligence—Banana Peeling.**

Allegations of negligence on the part of a street railway company, in leaving a banana peeling on the floor of its car, held sufficient.

Appeal from the District Court of Dallas County. Tried below before Hon. T. F. Nash.

*Finley, Knight & Harris,* for appellant.—Appellant or its servants in charge of the car must have known that the banana peel was on the floor of the car, or such banana peel must have been upon the floor of the car such a length of time as to justify the inference of negligence in the failure to discover it by appellant or its servants in charge of the car, to show negligence on the part of appellant with reference to said banana peel, and the pleading failing to allege either one of said essential elements of negligence and being only in general terms, it was insufficient to put appellant upon notice of the facts which would be relied upon to show actionable negligence, and the exceptions urged should have been sustained. Clark's Accident Law, sec. 29, p. 61; Stimson v. Milwaukee, etc., Ry. Co., 75 Wis., 38 (Am. and Eng. Railroad cases, vol. 44, p. 381); Goddard v. Railway Co., 60 N. C., 486.

The pleadings should set forth with reasonable clearness and certainty the nature and character of the injury alleged to have been sustained, and the allegations of injuries alleged to have been sustained being general, vague and uncertain, the special exception challenging the sufficiency of such allegation should have been sustained and that portion of the pleadings stricken. Railway v. Adams, 24 S. W. Rep., 839; Street Railway v. Ison, 83 S. W. Rep., 408; City of Marshall v. McAllister, 43 S. W. Rep., 1043.

The portion of the argument complained of had no fair basis in the evidence and was not a relevant reply to the argument of opposing counsel and was a gross violation of rule 39 governing the argument of counsel in the trial of cases, and was calculated to arouse the sympathy and resentment of the jury in favor of the appellee and to influence them in their findings both on the issue of liability and the amount of damages awarded. Rule 39; Dillingham v. Scales, 78 Texas, 206; Railway v. Langston, 50 S. W. Rep., 574; Oriental v. Barclay, 41 S. W. Rep., 124; Railway v. Jones, 73 Texas, 235; Railway v. Jarrell, 60 Texas, 269; Willis Bros. v. McNeal, 57 Texas, 476; Railway v. Younger, 29 S. W. Rep., 950; Insurance Co. v. Scott, 57 S. W. Rep., 677; Mills v. Hobbs, 5 Texas Civ. App., 35; Hannah v. Railway, 65 ·S. W. Rep., 495; Hunstock v. Roberts, 65 S. W. Rep., 677; Railway v. Lock, 70 S. W. Rep., 457; Railway v. Scott, 26 S. W. Rep., 999; Rotan v. Medgan, 59 S. W. Rep., 586; Carvojal v. Casanova, 62 S. W. Rep., 428; Halsey v. Bell, 62 S. W. Rep., 1088; Railway v. McLendon, 26 S. W. Rep., 307; Water Works v. Harris, 23 S. W. Rep., 47; Railway v. Holmes, 49 S. W. Rep., 659; Railway v. Musick, 76 S. W. Rep., 221; Beeville v. Jones, 74 Texas, 154.

· Irrelevant and immaterial testimony, or testimony improperly in the

record, can not form the basis for argument of counsel. Willis Bros. v. McNeal, 57 Texas, 476; Railway v. Younger, 29 S. W. Rep., 950; Insurance Co. v. Scott, 57 S. W. Rep., 677; Mills v. Hobbs, 5 Texas Civ. App., 535; Hannah v. Railway, 65 S. W. Rep., 495; Hunstock v. Roberts, 65 S. W. Rep., 677.

It was shown that the witness McIver was a physician of twenty-five years' experience, and this was sufficient to qualify him to testify to the effect of close confinement in a school room upon the health of the plaintiff. Railway Co. v. Thompson, 75 Texas, 503.

*Crane & Gilbert,* for appellee.—The length of time that the banana peel was on the floor of appellant's car was a fact peculiarly within its own knowledge, and, therefore, need not be more particularly pleaded. San Antonio & A. P. Ry. Co. v. Adams, 24 S. W. Rep., 841.

The portion of the argument complained of was fair and a just reply to the argument and statements of opposing counsel.

Counsel for the plaintiff stated no fact that was not perfectly obvious to the jury, or had not been proven by the testimony.

The physician was not shown to have had any observation or experience of the kind inquired about. Nothing was shown but the mere fact that he had been a practicing physician for twenty-five years.

FISHER, CHIEF JUSTICE.—This is an action for damages by Miss Black against the Street Railway Company for injuries sustained while a passenger on one of the appellant's cars. Verdict and judgment was in her favor for $3,000.

The grounds of negligence alleged were that the defendant Street Railway Company was negligent in constructing the steps of its car upon which passengers and particularly ladies, are compelled to step in getting on and off the cars; that the steps were constructed of wood, leaving an opening therein-from the top extending through the same; that in attempting to alight from said car she stepped on a banana peeling, which caused her to slip on and down the wooden step above mentioned, and that the toes of her foot slipped through the wooden step so negligently left, causing her to fall violently, and in the fall the bones of her toes and ankle were dislocated and broken; that the defendant company negligently left a banana peeling on the floor of the car, between the seat on which she was sitting and the one immediately in front of her, and that in the hurry in getting on said car and off the same, she did not see the banana peeling—did not know it was there, and stepped on it, which caused her foot to slip on the wooden step and get caught in the hole as alleged.

The case is reversed on account of the error pointed out in the twelfth assignment. The bill of exceptions which presents this question is as follows:

"Be it remembered that on the trial of the above numbered and entitled cause, plaintiff's attorney propounded to Miss Tommie Black, the plaintiff, substantially the following question: If she had ever had any heart trouble prior to the accident, and she answered that

she had none. Then counsel for the defendant asked her if she was not more unfortunate than most young ladies, if she had never had any heart trouble, and if she did not think there was yet hopes for her. To this she replied that she had no time to devote to sentiment; that she had to work for a living and her only thought had been to support herself and her widowed mother. That during the progress of the trial the witness Jack Goldman was placed on the stand by the plaintiff and testified, among other things, to the fact that there was a banana peel on the floor, between the seat on which Miss Black sat at the time of the accident and the one immediately in front of her; and he testified to having seen her after she had fallen, and assisted in putting her on the car again and taking her to her home, and that he observed that the banana peel between the seats, about which he testified had been stepped on. Defendant's counsel, on cross examination, asked him substantially if he did not state to Mr. Jones, one of the employes of the defendant company, at a certain time and place (naming them) that the banana peel on defendant's car had not been stepped on. To this the witness replied that he had made no such statement; he had made the same satement to Mr. Jones that he had made on the trial. After having laid this predicate, the defendant did not introduce the witness Jones to contradict said Goldman. In this state of the record, while defendant's counsel, R. E. L. Knight, Esq., was making his argument to the jury, in discussing the testimony of the witness Jack Goldman, in reference to the banana peel having been stepped on, he used substantially the following language: 'I do not like a witness like Goldman, who will make one statement to me on outside of the court house, and make another statement inside of the court house.' Plaintiff's counsel in concluding the argument for the plaintiff, referring to this statement of Mr. Knight, used substantially the following language: 'That Mr. Knight knew that his conduct was not fair to the witness; that if he intended to intimate to the jury that the witness had made a statement to him (counsel) different from what he had made in the court room on the trial, that he should laid the predicate to have contradicted him, and then got on the witness stand and testified, and not undertake to supply his lack of testimony by his statement as counsel; and added that they had laid one predicate to contradict Goldman by the witness Jones, but the jury had observed that the witness Jones had not been brought forward.' To this Mr. Knight, counsel for the defendant, stated in the presence of the court and the jury, that the witness Jones was sick in bed and unable to come, whereupon counsel for the plaintiff retorted that if that were true he ought to have asked to have the case postponed, until that witness's presence could have been secured, and that he (counsel for plaintiff) would not have opposed it; and then added: "That was an unfair argument for Bob to use (meaning Mr. Knight); if he wished to use an argument of that character he should have waited until he had an able-bodied plaintiff to oppose him, and should not have used such an argument in a case like this where the plaintiff is a poor girl, compelled to support a widowed mother, and where his client is a rich corporation.'" To this argument by plaintiff's counsel, defendant, by W. R. Harris, its counsel, then and there in open court

objected, for the reason that it was highly prejudicial to the interests of defendant for plaintiff's counsel in his argument to get out of the record and comment upon the relative wealth of the contesting parties and to comment upon the fact that plaintiff was not able-bodied and was compelled to support a widowed mother, and verbally asked the court to instruct the jury that such remarks were improper and not to consider same, which request was in an undertone to the court and not heard by the jury. The court overruled defendant's said objection, but not in a tone to be heard by the jury, and refused and failed to instruct the jury that such remarks were improper and refused to instruct the jury to disregard the same, and the defendant then and there in open court excepted to the said remarks of plaintiff's counsel, and then and there excepted to the court's failure and refusal to sustain its said objection and then and there excepted to the court's failure and refusal to instruct the jury that said remarks were improper and to disregard the same, and here now tenders its bill of exception and asks that the same be allowed and approved and made a part of the record herein, which is accordingly done."

. The special ground of objection urged in this bill of exception is contained in the following language: "That it was an unfair argument for Bob to use (Meaning Mr. Knight, whom it appears was an attorney for the appellant) ; if he wished to use an argument of that character he should have waited until he had an able-bodied plaintiff to oppose him, and should not have used such an argument in a case like this, where the plaintiff is a poor girl, compelled to support a widowed mother, and where his client is a rich corporation." The evidence in the record as to the main facts of the case, those determining whether or not the Street Railway Company was guilty of negligence, and whether the plaintiff was injured to the extent alleged, was conflicting; and if the jury had returned a verdict in favor of the appellant on the. facts as shown in the record, we are free to state that we could not have disturbed it. Now the question arises whether or not, in view of the evidence in this condition, the argument of the counsel as stated was of a nature calculated to influence the jury. As to whether or not, as a matter of fact, the jury was actually influenced, it is impossible to say; but that, in view of the conflict in the evidence, it was of a nature calculated to influence the verdict, is probable. To insist to the jury that the plaintiff was a poor girl, and that the defendant was a rich corporation, was an argument, to say the least, of a nature that might be calculated to influence the jury to turn the scale in favor of the poor girl against the rich corporation. We might indulge in an extensive argument along this line in order to demonstrate the effect and influence an argument of this nature might have upon the mind of the jury, but its unwise effect is so clear that demonstration is unnecessary. It is contended that the evidence tends to show that these facts existed. Suppose that to be true, that would not justify the argument. If the evidence should show that one of the parties was rich and the other poor, it would not authorize counsel in discussing the case to the jury, to make use of that fact.

The thirteenth assignment of error is to the effect that the court erred in not permitting the plaintiff's witness, Dr. McIver to answer a

question propounded to him by counsel for defendant, as will more fully appear from bill of exception No. 5. We think that this evidence was admissible. What effect confinement in the school room for that number of years would have upon the plaintiff in producing her present condition, was proper to be shown.

The question presented in the ninth assignment of error will doubtless be corrected upon another trial. The evidence is somewhat obscure as to the value and the reasonable amount of the medical expenses.

The third assignment needs some explanation. The petition alleged injuries to the kidney, heart, head, nervous system, etc. It may be that these averments were full enough, in view of the facts. If the plaintiff knew of the extent of the injuries to her kidneys, heart, head and nervous system, it ought to be alleged; if not, the petition ought to be so framed as to show that they could not be more specifically described.

In concluding the opinion, we only desire to notice the first and second assignments of error, which complain of the averments of the petition. The petition alleged that the defendant negligently left a banana peeling on the floor of the car between the seat on which she was sitting and the one immediately in front of her, and in the hurry to get off the car she did not see said banana peeling and did not know it was there—she stepped upon it and it caused her to slip, etc. And further alleged that it was the duty of the company to keep the floor in clean condition, etc. These averments were sufficient. It is an allegation to the effect that the defendant company left the banana peeling upon the floor of the car. If this was true, and that was an act of negligence, and it was the cause of plaintiff's injuries, she was entitled to recover. If the banana peeling was left there by some one else than the company or those charged with the duty of operating the car, then it would have been necessary to have alleged the negligence in that particular in suffering the banana peeling to remain on the floor of the car a certain length of time; but if the company or those in charge of the car who rested under the duty of exercising that high degree of care towards its passengers, left the banana peeling there, the company would be liable, whether it was averred or shown that it remained there any certain length of time or not, provided leaving a banana peeling there under the circumstances would be negligence.

The averment with reference to the condition of the step was sufficiently alleged as an act of negligence. No error is shown in the remaining assignments. Judgment reversed and cause remanded.

*Reversed and remanded.*