MILLER v. BURGESS.

(Court of Civil Appeals of Texas. April 8, 1911.)

1. TRIAL (§ 125*)—ARGUMENT OF COUNSEL.

Where, in an action on a note, the vital issue was whether defendant signed the note, remarks of plaintiff's counsel, "Why shouldn't this defendant pay to this poor working boy the amount of his note, when he (defendant) lives on his ranch and counts his cattle by the hundreds, and controls property and people like a feudal lord; when he owes to this plaintiff the amount of this debt, which represents hard, honest toil on his part" were inflammatory and prejudicial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 303-307; Dec. Dig. § 125.*]

2. EVIDENCE (§ 474*)—OPINION EVIDENCE—HANDWRITING.

A witness who had seen defendant write could express his opinion as to the genuineness of defendant's signature to the note in issue.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2210-2213; Dec. Dig. § 474.*]

3. BILLS AND NOTES (§ 502*)—ACTION—EVIDENCE.

In an action on a note, proper proof of defendant's signature to a note for which the note sued on was later substituted was admissible as a circumstance relevant to the issue of whether defendant signed the note in controversy.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 502.*]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action by Joe Burgess against P. J. Miller. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Harry Tom King, B. K. Isaacs, and Theodore Mack, for appellant. Grogan & De Bogory, for appellee.

CONNER, C. J. Appellee, Burgess, instituted this suit against D. R. Wall and P. J. Miller to recover upon a promissory note for $1,175, with interest and attorney's fees. The defendant Miller pleaded non est factum, to which the plaintiff replied that if Miller did not sign the note he was, nevertheless, liable, on the ground that Miller and Wall had been partners, and as such had given a note for $1,500, in lieu of which, after crediting a certain payment thereon, the note sued upon had been executed. A jury trial resulted in a verdict in favor of the plaintiff for the amount sued for, and judgment was entered accordingly.

The court by his charge excluded the issue of partnership, and only submitted that of forgery vel non. Upon this issue, appellee's evidence strongly supports the verdict; but appellant, while a witness, explicitly denied his signature to the note.

[1] The first error assigned is to the following argument of appellee's attorney in his closing address to the jury: "Gentlemen of the jury, why shouldn't this defendant, P. J. Miller, pay to this poor working boy the amount of his note, when he (meaning Miller) lives on his ranch in Jones county and counts his white-faced Hereford cattle by the hundreds, and controls property and people like a feudal lord; when he owes to this plaintiff the amount of this debt, which represents hard, honest toil on his part." This was objected to in behalf of appellant as inflammatory and prejudicial, and as entirely unsupported by any evidence in the cause.

As shown by the bill of exceptions, the objections were overruled, and the argument permitted without interruption by the court, and without instruction to the jury not to consider it, although requested so to do by the defendant. It is in effect conceded, as indeed it must be from the record, that there is no evidence of the facts so stated in argument, and that it is inflammatory and prejudicial in character is evident. Appellee's answer to the assignment is that, "in an action founded upon tort, where the *amount* of damages might reasonably be affected thereby, inflammatory language used by an attorney constitutes error; otherwise it does not, and should not"—the contention being that, inasmuch as the suit was upon a liquidated demand and the amount to be recovered, if anything, being fixed, the argument could not have enhanced the verdict by contrast of the financial condition of the parties litigant.

But we think the contention unsound. The vital issue was whether appellant signed the note upon which the suit was founded, and, while appellee's testimony may have preponderated in his favor on this issue, appellant's explicit denial rendered the issue sharply drawn, and the argument may well have affected the minds of the jury in consideration of this issue. As has been often determined, inflammatory argument, unsupported by any evidence in the record, consti-

tutes error, where it tends to affect the issue of liability, as well as when its tendency is to augment the amount of damages. See C., R. I. & T. Ry. v. Musick, 33 Tex. Civ. App. 177, 76 S. W. 219; Electric Co. v. Black, 40 Tex. Civ. App. 415, 89 S. W. 1087; H., E. & W. T. Ry. Co. v. McCarty, 40 Tex. Civ. App. 364, 89 S. W. 807; Ft. W. Belt Ry. Co. v. Johnson, 125 S. W. 387. In the present case we cannot assume that the purpose of appellee's counsel in making the argument was any other than to thus affect the issue of liability, for, as is now contended, no other issue was left for the determination of the jury. For the error discussed, we think the judgment must be reversed, and the cause remanded.

No other error as assigned is presented, but in view of another trial we think it perhaps well to suggest that the objections urged to appellee's testimony on the issue of whether appellant had signed the note goes to the weight of the testimony, rather than to its admissibility.

[2] Burgess testified to having seen appellant write, and he therefore could express his opinion as to the genuineness of appellant's signature upon the note in question. "For this purpose," says Mr. Greenleaf, in his work on Evidence, § 577, "it is held sufficient that a witness has seen the party write but once, and then only his name." Burgess, therefore, could speak to the signature, and it was for the jury to pass upon the weight to be given to his testimony on the question. The other witnesses in behalf of appellee were undoubtedly qualified, and we need not notice their testimony.

[3] Numerous questions are also presented relating to the $1,500 note for which the note in question was later substituted as alleged; but, in our judgment, proper proof of appellant's signature to the $1,500 note was admissible as a circumstance relevant to the issue of whether appellant signed the note in controversy, and there was therefore no error in refusing to instruct the jury to disregard this testimony.

Judgment reversed, and cause remanded.