CROW et al. v. MONROE et ux. (No. 198.)

(Court of Civil Appeals of Texas. Waco. April 14, 1925. Rehearing Denied June 11, 1925.)

1. Trial ⬅352(5)—Special issues submitted held reversible error as assuming certain controverted fact, or requiring jury to find that fact and another in addition thereto.

Special issues, either assuming a certain controverted fact, or requiring jury to find that fact and another one in addition thereto, held reversible error, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, requiring separate and distinct submission of issues of fact.

2. Trial ⬅352(5)—Special issue as submitted held error as assuming certain disputed facts and as being vague.

Special issue as submitted held error as assuming the making of alleged false representations and as being vague.

3. New trial ⬅60—Inconsistent or contradictory findings of jury should be set aside, and new trial granted.

Where the findings of the jury are inconsistent or contradictory, they should be set aside by trial court, and a new trial granted.

4. Trial ⬅352(5)—How special issues should be framed stated.

Where special issues are submitted, they should be so framed that each group of facts relied upon by plaintiffs for a recovery, and each group of facts relied upon by defendants as defensive matters, should be presented in separate and distinct issues, so the jury may be enabled to pass thereon without any confusion or uncertainty.

5. Trial ⬅358—Findings of jury held inconsistent.

Findings of jury as a whole held inconsistent.

**6. Trial ⬅119—Counsel in argument must confine remarks to testimony offered in evidence and to issues submitted.**

Counsel in argument must confine remarks to testimony offered in evidence and to issues submitted.

**7. Trial ⬅125(4)—Counsel's comment that plaintiff was poor woman and defendant rich man held error as inflaming minds of jury.**

In suit for alleged fraud in sale of shares of stock, comment by plaintiff's counsel that plaintiff was a poor woman and defendant a rich man *held* error as calculated to inflame minds of jury, thus causing them to render improper verdict for plaintiff.

**8. Corporations ⬅30(6)—Reception in evidence of declaration of trust and articles of incorporation held proper.**

Where plaintiff alleged defendants were doing business as a partnership under a declaration of trust, and that the attempted incorporation was an effort to shield them from their responsibilities as partners for fraud in selling shares of stock to plaintiff in the trust association, and alleged defendants were guilty of fraud and collusion, reception in evidence of declaration of trust and articles of incorporation *held* proper.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by James Monroe and wife against J. B. Crow and others, which was dismissed as to all defendants, except said defendant Crow and Roy E. Lane. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Bryan & Maxwell and Shires & Dunnam, all of Waco, for appellants.

W. B. Carrington, of Waco, for appellees.

BARCUS, J. Appellees, James Monroe and wife, filed this suit against appellants J. B. Crow and Roy E. Lane and a number of other parties who were dismissed from the suit, alleging, in substance, that appellants and the other defendants named in the petition were operating as a partnership under the name of the National Co-operative Association, which had been organized under a declaration of trust, and that said association had later been incorporated as the National Co-operative Company; and alleging that the appellee Mrs. Monroe purchased 10 shares of stock in the association, and paid therefor $500. Appellees alleged that at the time Mrs. Monroe purchased said stock appellants falsely represented to her that the association was solvent and in good financial condition, and had $1,000,000 of assets, when as a matter of fact it was insolvent; and she alleged that by false and fraudulent representations made or caused to be made to her she was induced to purchase the stock in said association, and stated in detail the false representations made, not necessary to state

here, and alleged that but for said false representations she would not have purchased the stock. All of the defendants were dismissed in the trial court except the appellants. Appellants separately filed a general demurrer, general denial, and denied under oath partnership with each other or any of the other defendants. The cause was tried to a jury and submitted on special issues, and judgment was rendered for appellees against the appellants, jointly, for $500 and interest, and it is from this judgment the appellants appeal.

The trial court submitted 17 special issues; among others, the following:

"Special Issue No. 1. Did the defendants Crow and Lane, and others doing business under the name of the National Co-operative Association, if they did so do business, sell to Mrs. Monroe, on or about December 2, 1920, 10 shares of stock in the National Co-operative Association? To which the jury answered: Yes."

"Special Issue No. 4. Did the defendants Crow, Lane, and others, doing business under the name of the National Co-operative Association, if they did so do business, agree with Mrs. Monroe that she could withdraw the amount paid in by her at any time, provided she gave three or four days notice in advance? To which the jury answered: No."

"Special Issue No. 7. Before Mrs. Monroe paid for the stock in the National Co-operative Association, did the defendant Crow, or any of his associates, if any, in his presence, represent to her that Crow had delivered his four-story brick building known as the Hill building to the National Co-operative Association? To which the jury answered: Yes.

"Special Issue No. 8. Before Mrs. Monroe paid for the stock in the National Co-operative Association, did Hudson, in the presence of Crow, promise and guarantee to her that she would make a profit on her investment of 40 per cent.?" To which the jury answered: Yes.

"Special Issue No. 9. Before Mrs. Monroe paid for the stock in the National Co-operative Association, did the defendant Crow, or any of his associates, if any, in his presence, state to Mrs. Monroe that the National Co-operative Association was a good paying business, and was solvent, and had assets to a very large amount? To which the jury answered: Yes.

"Special Issue No. 10. Were said representations true or false? To which the jury answered: False."

"Special Issue No. 12. Did the defendant J. B. Crow conspire with one Hudson, E. R. Sewell, C. B. Louis, C. C. Waller, Joe Sears, James G. Wright, and W. E. Gaylor, or either or them; for the purpose of fraudulently inducing Mrs. Monroe to purchase the stock in question? To which the jury answered: No.

"Special Issue No. 13. Was J. B. Crow a shareholder in the National Co-operative Association at the time Mrs. Monroe purchased her stock? To which the jury answered: No."

[1] Appellants assign error upon the court's refusal to sustain their objections to issues

Nos. 1 and 4, because each was on the weight of the testimony, in that each assumed the defendants were doing business as the National Co-operative Association, and, further, because said issue required the jury to find *whether appellants were so doing business,* and because each issue is duplicitous, in that each involves a finding by the jury on two or more questions of fact. We sustain this assignment. Said issues as submitted either assumed that appellants were doing business as the National Co-operative Association or required the jury to find both that fact and that they sold appellee the stock. In either event the issue was incorrect. It was a sharply contested issue as to whether appellant Crow was a member of or connected with the National Co-operative Association, or whether he, or either of the appellants, were instrumental in selling the shares of stock to appellees, and were issues of fact that should have been submitted to the jury separately and distinctly. Article 1984a, Vernon's Sayles' Ann. Civ. St. 1914.

[2] Appellants assign error because the trial court overruled their exception. to the submission of special issue No. 10, because it assumes there were false representations, and in effect so charges the jury, and because same is vague and indefinite. We sustain this assignment. Special issues Nos. 7, 8 and 9 presented to the jury for its determination certain issues of fact with reference to representations that had been made by appellant Crow to the appellee, and issue No. 10 is indefinite, in that it cannot be determined whether the jury were to find whether the representations inquired about in issue No. 9 were true or false, or whether the statements contained in each of the issues 7, 8, and 9 were true or false, and the question assumes that the representations inquired about had been made. The jury should have been instructed to find whether each individual representation as presented was true or false, and whether same had been relied on by Mrs. Monroe at the time she purchased the stock.

[3-5] Appellants assign error on the trial court, over their objection, entering a judgment on the findings of the jury, because they contend the answers of the jury to issues 1, 7, and 9 are in conflict with the answers to issues 12 and 13. We sustain this assignment. The findings of the jury on said issues, when taken as a whole, are inconsistent, if not in direct conflict, in that the finding of the jury in answer to special issue 1 is, in effect, that appellants, especially appellants Crow and Lane, were shareholders in the association at the time Mrs. Monroe purchased her stock, and the answers to issues 7 and 9 are to the effect that the appellant Crow did not individually nor in connection with his associates enter into a conspiracy with the other shareholders to defraud appellees, while the answer to issue 12 is that

appellant Crow did not enter into any conspiracy, and the answer to issue 13 is that appellant Crow was not a shareholder in said association at the time Mrs. Monroe purchased the stock. Where the findings of the jury are inconsistent or contradictory, they should be set aside by the trial court and a new trial granted. Baker v. Beattie (Tex-Civ. App.) 222 S. W. 658; Kansas City Life Ins. Co. v. Jinkens (Tex. Civ. App.) 202 S. W. 772. Where special issues are submitted, they should be so framed that each group of facts relied upon by plaintiffs for a recovery, and each group of facts relied upon by the defendant as defensive matters, should be presented in separate and distinct issues, so the jury may be enabled to pass thereon without any confusion or uncertainty. Lancaster & Co. v. Rogers (Tex. Civ. App.) 258 S. W. 283; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

[6, 7] In his closing argument to the jury counsel for appellees, after stating in substance that the plaintiff was a "poor old woman" and Crow was a "big man," said:

"And now he (Crow) went off to Kansas City, and he is the owner of an apartment house of 80 apartments, and he gets sore because we mention it here. He ought to have been taking care of Mrs. Monroe when he went off to Kansas City to buy an 80-room apartment. He got his, but he has not paid her back."

Appellants timely excepted to said argument, and requested the court to instruct the jury not to consider same because it was prejudicial and calculated to inflame the minds of the jury. The court refused to so instruct the jury, and appellants assign error. Counsel, in their argument, should be careful to confine their remarks to the testimony offered in evidence and to the issues submitted. The fact that plaintiff is a poor woman and the defendant a rich man should not be commented upon, and argument to that effect is calculated to inflame the minds of the jury and cause them to render an improper verdict. Texas & St. L. R. Co. v. Jarrell, 60 Tex. 267; Dallas Consolidated Ry. v. Black, 40 Tex. Civ. App. 415, 89 S. W. 1087; Miller v. Burgess (Tex. Civ. App.) 136 S. W. 1174.

[8] Appellants objected to the introduction in evidence of the articles of incorporation of the National Co-operative Company as well as the declarations of trust of the National Co-operative Association and certain receipts issued in connection with the sale of the stock in controversy. We do not think there was error in the court's permitting these documents to be offered in evidence. Appellees had alleged that the defendants were doing business as a partnership under a declaration of trust, and that the attempted incorporation was an effort to shield them from their responsibility as such, and had charged fraud

and collusion on the part of the defendants. The instruments were properly admitted in evidence to throw what light they might on the entire transaction.

The other matters complained of will not likely arise on another trial. For the errors herein stated, the judgment of the trial court is reversed, and the cause remanded.