## DALLAS RAILWAY & TERMINAL CO. v. SUTHERLAND et al.

### No. 2401.

Court of Civil Appeals of Texas. El Paso. April 10, 1930.

Rehearing Denied May 15, 1930.

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for appellant.

Randell & Randell, of Sherman, and Touchstone, Wight, Gormley & Price, of Dallas, for appellees.

WALTHALL, J.

Mrs. Lena Sutherland, joined by her husband, Charles H. Sutherland, brought this suit against the Dallas Railway & Terminal Company, a street railway company, to recover damages alleged to have been sustained by Mrs. Sutherland as a result of personal injuries to her while a passenger on one of its street cars. It is alleged that the servants of the defendant company were guilty of negligence in the movement of the street car on which she was a passenger, in that the car was started suddenly and quickly with force and violence so as to jerk the car without giving her notice or warning of their intention to do so, which resulted in throwing her backward against the car and forward on her hands and knees, causing the injuries specified and of which she complains.

The defendant company answered by demurrers, general and special, denials general and special, contributory negligence on the part of Mrs. Sutherland, and unavoidable accident.

The case was submitted to a jury on special issues, and, on the verdict returned, judgment was entered in favor of the plaintiff, Mrs. Lena Sutherland. On the overruling of its motion for a new trial, the defendant duly perfects this appeal.

### Opinion.

Mrs. Lena Sutherland was a married woman at the time she received the injuries complained of, at the time she filed the suit, and at the time of the trial and rendition of the judgment. Her husband was joined as plaintiff with her in the suit. In the prayer for relief they say that plaintiffs "sue and pray that plaintiffs have judgment against defendant" for the damages sued for, etc. It has been well established in our practice in this state that any recovery for personal injuries to the wife is community property of the husband and the wife, and that in suing to recover damages for such injuries the wife is neither a necessary nor a proper party to such suit.

Appellant, duly, by special exception, raised the question as to the improper joinder of the wife as a party plaintiff in the suit. The special exception was overruled, and judgment was rendered in favor of the wife, and made no disposition in the judgment or elsewhere in the record of the husband as a party plaintiff in the suit.

Appellant assigns error to the ruling of the court on the exception, and submits fundamental error in failing to make any disposition of the husband as a party plaintiff.

In Northern Texas Traction Co. v. Hill (Tex. Civ. App.) 297 S. W. 778, where the wife, after her injuries, had secured a divorce and married again, and joined her husband at the

time of the suit as a party plaintiff, and omitted to join to her husband at the time of the injuries, Judge Pelphrey, speaking for this court, reviewed the question at some length, and held, in substance, that, the personal injuries to the wife being community property of the husband and wife, the husband was a necessary party plaintiff in the suit. A writ of error was refused in that case.

■ Where the husband is a necessary party in suits such as the instant case, and he does join in the suit, as here, the judgment where a judgment is recovered should, except where otherwise provided by law, be so framed as to dispose of the husband's interest in the suit. However, where the judgment does not expressly dispose of the husband as a party in the suit, the question is presented: Does the judgment dispose of the husband by "necessary implication?" A very similar case to the case at bar is that of Southern Pacific Co. v. Ulmer et ux. (Tex. Com. App.) 286 S. W. 193. The cause of action was for personal injury to the wife while a passenger. The suit was brought by the husband and wife. The prayer was for such relief as they might be entitled to. The verdict sustained the allegations in the petition as to the injuries suffered. The entire amount of the damages was awarded to the wife by the court, and the husband was not affirmatively disposed of in the judgment.

In disposing of that case Judge Powell of the Commission of Appeals, Section B, said: "It is elementary, of course, that a judgment must dispose of all the parties and issues. And conflicts have arisen among the Courts of Civil Appeals as to whether or not the parties and issues may be disposed of by 'necessary implication.' But, our Supreme Court and Commissions of Appeals have uniformly adopted a liberal rule, and have held that a final judgment which, either expressly or by necessary implication, disposes of all the parties and issues is final. We think this judgment meets the test. The total recovery allowed by the jury was $15,000. When the court awarded all of such recovery to the wife, it necessarily meant that nothing was thought to be due the husband by the court."

As sustaining the above, Judge Powell refers to Whitmire v. Powell, 103 Tex. 232, 125 S. W. 889; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Tennison v. Donigan (Tex. Com. App.) 237 S. W. 229; Lindsey v. Hart (Tex. Com. App.) 276 S. W. 199. We will not review the cases referred to by Judge Powell more than to say that none of the cases are personal injury cases of the wife where the law, the Constitution, and the statute make the recovery the community property of the husband and wife, and our courts have uniformly held that the husband is a necessary and proper party to such recovery, and that the wife is neither a necessary or proper party to such recovery. There is not in the Ul-

mer Case, nor is there here a suggestion that the husband had at any time conveyed or assigned to the wife his community interest in the damages or the recovery. As suggested in the brief of appellant, the Ulmer Case decision was based upon the provision of article 4615, Rev. St. 1925, which makes all property or moneys received as compensation for personal injuries sustained by the wife her separate property, except as in the article provided, considered in connection with, and in the light of, article 1983, and the constitutionality of article 4615, was not raised and had not at that time, nor at the time the Court of Civil Appeals wrote its opinion, been passed upon, and that the Ulmer decision necessarily treated article 4615 as valid and constitutional. The suggestion in appellant's brief is that, in view of the suggested changed conditions, the Ulmer Case may be wholly disregarded, and the question here at issue be decided as if article 4615 had never been enacted. But Judge Powell's decision in the Ulmer Case no where refers to article 4615, nor is there a suggestion therein that it is based on the idea that the recovery would be the separate property of the wife, but is based on the suggestion in the opinion that the parties and issues may be disposed of by "necessary implication."

■ Whatever our personal opinion may be on the question, we feel impelled to follow the opinion of the court in the Ulmer Case as written, and adopted and entered by the Supreme Court. We therefore hold that the record shows a final judgment. The allegation in the petition as to the injuries sustained by Mrs. Sutherland is that, by the movement of the car as alleged, she was thrown "backwards and against the wall and other obstructions in the car, and forward on her hands and knees, striking, bruising, shocking and injuring her back, spine, body and limbs, straining and shocking her blood vessels and her whole nervous system and all her vital parts, including her lungs, heart, kidneys, liver, stomach, bowels, and all her digestive and eliminative organs and womb, and generative organs, and their attachments."

It is alleged that "by reason of her injuries said plaintiff has suffered and will continue to suffer great physical pain and mental anguish; her time has been and will continue to be lost; health and strength have been destroyed; her capacity to labor and earn money greatly lessened; her ability to sleep, rest and recuperate much impaired, * * * that her said injuries are serious, painful and permanent and her life will be greatly shortened by them," thus, in some measure, stating the effects upon her entire system by reason of her injuries.

Appellant excepted to the allegation as to said injuries as too general and indefinite and as not specifying the particular injuries complained of. The exception was overruled, and

832

appellant excepted. Appellant insists that such general allegations of injury, naming the various parts of the human anatomy, are not sufficiently specific as tested by a special exception, and do not put appellant upon notice of what appellees expect to prove.

█ Our former statute, article 1827, provided in a general way, that the petition shall make "a full and clear statement of the cause of action, and such other allegations, pertinent to the cause, as the plaintiff may deem necessary to sustain his suit." Our present statute, article 2003, requires the petition shall make "a concise statement of the cause of action, and such other allegations," as under the previous statute. A "concise statement" is a relative term, and it would be impossible to formulate a precise rule in any case. As we view it, it requires terseness of statement as distinguished from a long and prolix history of the transaction pleaded. Fairall v. Cameron, 97 Mo. App. 1, 70 S. W. 929.

On the point at issue appellant and appellee have each referred us to many cases in which the courts have passed upon the sufficiency of the pleading as tested by a special exception. We cannot, in, the brief space of an opinion, review them.

But few of the cases referred to do more than to say that the allegation in the particular case under consideration is sufficient or insufficient, as the case may be.

In Dallas Consolidated Electric St. Ry. Co. v. Ison, 37 Tex. Civ. App. 219, 83 S. W. 408, 409, to which we are referred by appellant, it was alleged that "plaintiff's wife was seriously and permanently injured in her head, hips, limbs, and ankles." The Dallas Court of Civil Appeals said: "The defendant was entitled to have the plaintiff state the nature and character of the injuries to such parts, in order that it might know how to prepare its defense. If the nature and character of the injuries for any reason cannot be stated, then the petition must so allege. City of Marshall v. McAllister, 18 Tex. Civ. App. 159, 43 S. W. 1043." In that case it seems that the petition stated only the injury to the part specified, but did not state the character or result of the injuries.

In the City of Marshall v. McAllister, above referred to, the petition did not state the part injured, but said "plaintiff was 'badly and painfully injured, * * * that he was confined to his bed three days, * * * that he endured the greatest pain and suffering,' and that 'he received a serious and painful injury.'" The Court of Civil Appeals held "there were no specific allegations as to the character of the injuries received. It was the right of defendant to require plaintiff to set forth specifically in his petition what injuries he had received," and it was reversible error to overrule the special exception, on the

ground that the petition did not state "how or where he was injured nor the character of injuries complained of."

In Dallas Consolidated Electric St. Ry. Co. v. Black, 40 Tex. Civ. App. 415, 89 S. W. 1087, 1089, in which it was alleged the plaintiff, Miss Black, stepped on a banana peeling on the floor of the street car and was caused to fall, the petition alleged other injuries, but in addition alleged "injuries to the kidneys, heart, head, nervous system, etc." The court said: "It may be that these averments were not full enough, in view of the facts. If the plaintiff knew of the extent of the injuries to her kidneys, heart, head, and nervous system, it ought to be alleged; if not, the petition ought to be framed as to show that they could not be more specifically described." In that case a bare statement of the injury is made and no result or extent of the injury is alleged.

█ In El Paso Electric Co. v. De Garcia (Tex. Civ. App.) 10 S.W.(2d) 426, special exception was taken to that part of the petition where it was alleged that "she [plaintiff] received blows and wounds that caused internal injuries, both to her bowels and kidneys." This court, speaking through Judge Pelphrey, said: "Taking appellee's petition as a whole, we find her alleging internal injuries to her bowels and kidneys, and that as a result of such injuries she passed blood from both organs. The internal organs of the human body are not visible, and injuries to them are judged mostly by after effects, even by the medical profession, and certainly appellee should not be required to ascertain and allege in just what particular her bowels and kidneys had been injured, a thing which might not be possible of ascertainment by a skilled physician, aided by all the devices known to the medical profession."

Tested by the last case we think the petition is reasonably sufficient to notify the appellant of the facts upon which proof will be offered.

Appellee alleged, as an element of her damages, that her time was reasonably worth as a housekeeper, and for the care of herself and children and husband, the sum of $200 per month; that by reason of her injuries her time has been and will continue to be lost; her capacity to labor and earn money greatly lessened. The evidence shows that prior to her injuries Mrs. Sutherland did practically all of the housework, and that since her injuries she has been able to do but little of it. The evidence does not show the money value of her services as housekeeper.

In submitting the special issues the court did not specially submit a finding of the value of Mrs. Sutherland's services as housekeeper; nor was an issue submitted as to her lessened capacity to labor and earn money, occasioned by her injuries. The only reference to Mrs.

Sutherland's incapacity to labor and earn money found in the charge is contained in the twenty-third paragraph of the charge, reading as follows: "What sum of money, if paid now, do you find and believe from a preponderance of the evidence would reasonably and fairly compensate the plaintiff for her lessened capacity, if any, to labor and earn money, if any, up to the present time, and for such lessened capacity, if any, as she will reasonably undergo in the future, if any, as a direct and proximate result of the injuries, if any, sustained on the occasion in question, and would reasonably and fairly compensate the plaintiff for such physical pain, if any, and mental anguish, if any, she has suffered, if any you find and believe she has suffered any pain and mental anguish, up to the present time, and as she will reasonably and probably suffer in the future, if you find and believe she will suffer in the future, as a direct and proximate result of the injuries, if any, sustained by her on the occasion in question? Answer in dollars and cents, if any." The jury answered $1,625.

While the pleading as to the lessened capacity to labor and earn money up to the present time or in the future is general, sufficient to let in proof, we think, but we do not find in the record any evidence, direct or circumstantial, of the money value of Mrs. Sutherland's services. In the absence of such evidence by which a jury could fix such value it would be error to submit to the jury to find a sum of money which, if paid, would compensate her for the loss of lessened capacity to labor and earn money. The rule is that, even where the law implies damages such as necessarily result from a wrongful act complained of, proof is required to show its extent and amount. Texas & Pac. Ry. Co. v. Curry, 64 Tex. 85; also Tweed v. Western U. Tel. Co., 107 Tex. 247, 166 S. W. 696, 177 S. W. 957, in which cases the rule is fully stated and discussed. In this case the claim for damages is based on Mrs. Sutherland's diminished capacity to labor and earn money and especially on her lessened capacity to perform her household duties alleging its value. See, also, Gulf, C. & S. F. Ry. Co. v. Gardner (Tex. Civ. App.) 266 S. W. 809; International & G. N. Ry. Co. v. Simcock, 81 Tex. 503, 17 S. W. 47; Thomas v. Pugh (Tex. Civ. App.) 6 S.W.(2d) 202.

For the reason stated the case must be reversed and remanded.

Other grounds of error are assigned, but we need not discuss them, as they should not occur on another trial.

The case is reversed and remanded.

### On Motion for Rehearing.

▮ In the motion for rehearing appellee calls our attention to the case of Gainesville, H. & W. Ry. Co. et al. v. Lacy, 86 Tex. 244, 24

S. W. 269, by our Supreme Court. In reviewing the question we have concluded that we were in error in holding that, in the absence of direct evidence of the money value of Mrs. Sutherland's services, it was error to submit to the jury to find the value of her services. We have concluded the better rule is that Mrs. Sutherland's right to recover compensation for her decreased capacity to care for and to minister to the needs of herself and her family is not limited nor necessarily measured by the standard of value of the pecuniary return of wage or profit, but such value, not being capable of ascertainment under the ordinary rules, is to be assessed by the jury in the sound discretion of its members and in the light of their experience in their everyday affairs. In addition to the above case refer to Texas & Pacific Ry. Co. v. Perkins (Tex. Civ. App.) 284 S. W. 683, in which Judge Gallagher of the Waco court, in a similar case, so holds, and refers to a number of cases announcing a similar holding. As Judge Brown says in the Lacy Case, supra, if the wife were to engage in work for hire, or in an independent business for gain, the same rule would apply as to a man as to such value of her services.

Other grounds of error not discussed in the original opinion have been considered and we think do not present reversible error.

Our former opinion reversing and remanding the case is set aside, and it is here ordered that the case is affirmed.

Affirmed.